Saulsbury *v.* Bethlehem Steel Company (et al., Appellant).

Argued October 1, 1963. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Samuel R. DiFrancesco, Sr.,* City and Borough Solicitor, with him *DiFrancesco & DiFrancesco,* for appellants.

*Richard J. Green, Jr.,* for appellees.

OPINION BY MR. JUSTICE EAGEN, January 8, 1964:
On December 1, 1961, the City of Johnstown in Cambria County, pursuant to the authority given by

the Act of June 25, 1947, P. L. 1145, as amended, 53 P.S. §6851, enacted an ordinance levying an occupational privilege tax of $10 per annum for the year 1962, on every individual engaged in an occupation within the corporate limits of the city, whose gross earnings *would amount to $600 or more* during the year.

The pertinent provision of the ordinance is as follows: "Beginning on the first Monday of January, 1962, each individual engaged in an occupation in which his earnings are $600.00 or more gross, as hereinbefore defined, within the corporate limits of the City of Johnstown shall be required to pay an annual occupation and occupational privilege tax at a flat rate of $10.00."

On March 1, 1962, the Borough of Franklin, in the same county, enacted an identical ordinance.

Separate actions in equity were instituted by individuals employed within the aforesaid city and borough, challenging the validity of the ordinances. In due course, the court below entered judgment on the pleadings for the plaintiffs in both actions, ruling that the ordinances were void, and entered orders restraining collection of the tax imposed. The municipalities filed separate appeals.

Since the same legal questions are involved, it was agreed that the cases should be considered and disposed of together.

The legal power of a municipality to levy a true occupational privilege tax under the Act of 1947, supra, has recently been sustained by this Court in *Gaugler v. Allentown,* 410 Pa. 315, 189 A. 2d 264 (1963), and that question needs no further discussion here. Such power exists if properly exercised. What was said in *Gaugler* is affirmed and presently applies with equal force. However, the particular ordinances involved present other difficulties.

Sections 1 and 2 of Art. IX of the Constitution of Pennsylvania require that "All taxes shall be uniform,

upon the same class of subjects, within the territorial limits of the authority levying the tax." In *Kelley v. Kalodner,* 320 Pa. 180, 181 A. 598 (1935), we ruled that a statute levying an income tax from which certain individuals were exempted because their incomes did not exceed stated amounts was void, in that it was lacking in uniformity and violated the constitutional rule.

It may be argued that the tax involved in *Kelley,* supra, was a property tax as distinguished from an excise or privilege tax with which we are here concerned, and that an excise tax need not conform to the constitutional provision.

The question of whether or not the constitutional requirement of uniformity applies to a particular kind of tax depends upon the peculiar wording of the requirement itself. The Pennsylvania Constitution specifically states that *"All taxes* shall be uniform, upon the same class of subjects." (Emphasis supplied). This language is as broad and comprehensive as it could possibly be and must necessarily be construed to include all kinds of taxes, be they in the nature of property or excise levies. The Pennsylvania constitutional provision is all inclusive and is clearly not limited to requiring uniformity on property taxes alone. See *Banger's Appeal,* 109 Pa. 79 (1885) ; *Cope's Estate,* 191 Pa. 1, 43 A. 79 (1899) ; *Kelley v. Kalodner,* supra; *Com. ex rel. v. A. Overholt & Co., Inc.,* 331 Pa. 182, 200 A. 849 (1938) ; and 51 Am. Jur., Taxation, §157.

Therefore, the tax levied by the ordinances before us lacks uniformity and is in violation of the constitutional provision. While different subjects may be reasonably classified for tax purposes (see, *Jones & Laughlin Tax Assess. Case,* 405 Pa. 421, 175 A. 2d 856 (1961) ), there must be no lack of uniformity within the class, either on the given subject of the tax or the persons affected as payers. See, *Washington Avenue,*

69 Pa. 352 (1871), and *Kelley v. Kalodner,* supra. If a tax is levied on an occupational privilege, it must apply to all who share the privilege. Part of the class may not be excused, regardless of the motive behind the action.

It is urged that we should construe the ordinances before us as imposing the tax on all individuals enjoying an occupation within the municipalities involved, and ignore the unconstitutional effort to excuse those earning less than $600 per year. In other words, we are asked to interpret the enactments as containing two separate and distinct provisions, one of which would be valid and the other violative of the constitutional uniformity requirement. If so interpreted, it is argued that the latter invalid provision would not affect the former, particularly since a severability clause is included.

It is true that a statute or ordinance may be partially valid and partially invalid, and that if the provisions are distinct and not so interwoven as to be inseparable, that the courts should sustain the valid portions. See, *Fister v. Kutztown Boro.,* 49 Pa. Superior Ct. 483 (1912); *Junge's Appeal (No. 2),* 89 Pa. Superior Ct. 548 (1927); *Commonwealth v. Schaeffer,* 98 Pa. Superior Ct. 265 (1930); *Grisbord v. Phila.,* 148 Pa. Superior Ct. 91, 24 A. 2d 646 (1942); *Murray v. Philadelphia,* 364 Pa. 157, 71 A. 2d 280 (1950). However, this is not the case here.

In the present ordinances, there are not two separate and distinct provisions. The tax is not imposed on all individuals enjoying an occupation within the municipalities. It is clearly restricted to and imposed only on those earning more than $600 a year. In fact, those earning less are not mentioned and for us to accede to appellants' argument in this respect, and say that the individuals in this class are subject to the tax imposed, would constitute judicial legislation and a rewriting of the ordinances.

In determining the severability of a statute or ordinance, the legislative intent is of primary significance. However, the problem is twofold: The legislating body must have intended that the act or ordinance be separable and the *statute or ordinance must be capable of separation in fact.* The valid portion of the enactment must be independent and complete within itself. See, Sutherland, Statutory Construction, Vol. 2 (3d ed. 1943) §§2403, 2404 and cases cited; also, Cooley, Constitutional Limitations, Vol. 1 (8th ed.), Chapter VII, at 368. The provision in the present ordinances is not separable in fact. It is one and indivisible.

Nor is the fact that the ordinances contain a severability clause controlling. As stated by Mr. Justice BRANDEIS in *Dorchy v. State of Kansas,* 264 U.S. 286, 68 L. Ed. 686, 44 S. Ct. 323 (1924). The clause "provides a rule of construction . . . in determining [legislative] intent. But it is an aid merely; not an inexorable command." See also, *Williams v. Standard Oil Co. of Louisiana,* 278 U. S. 235, 73 L. Ed. 287, 49 S. Ct. 115 (1929), and *Smith v. Cahoon,* 283 U.S. 553, 75 L. Ed. 1264, 51 S. Ct. 582 (1931). As ruled by this Court in *Pennsylvania R. R. Co. v. Schwartz,* 391 Pa. 619, 139 A. 2d 525 (1958), while a severability clause must be given due weight, it is not to be accepted judicially as conclusive if the unity of the general legislative scheme is completely destroyed by a severance of its provisions.

Judgments and orders affirmed. Costs on appellants.

Mr. Justice MUSMANNO dissents.

------

DISSENTING OPINION BY MR. JUSTICE COHEN:

Johnstown has imposed a $10 tax for the year 1962 on each person engaged in occupations within Johnstown for the privilege of engaging in his occupation as long as his gross earnings therefrom total $600. In

other words, it is the amount of earnings from the exercise of the privilege in Johnstown which constitutes the dividing.

Has Johnstown in imposing no tax upon persons who earn less than $600 from pursuit of their Johnstown occupations infringed the Pennsylvania Constitution's requirement that taxes be uniform upon the same class of subjects? In *Kelley v. Kalodner,* 320 Pa. 180, 181 A. 598 (1935), the court invalidated a state income tax. There it specifically was held that to the extent a tax was imposed on income from rents, dividends, interest, etc. (unearned income), the tax was directly upon the income and was a *property tax* and that a property tax was definitely subject to the rule of uniformity. The court there found a lack of uniformity in the imposition of different rates of tax depending upon the amount of income and, possibly, in the exemption from tax of the first $1,000 (for single persons) or $1500 (for married persons) of income for all persons. I say "possibly" because it was indicated that the particular exemption was reasonable and in light of the current state of the law of uniformity, whereby reasonable classification is permitted, I am not sure that a flat rate tax with exemptions is not valid even under the principles of *Kelley v. Kalodner.*

In any event, are the principles of *Kelley v. Kalodner* controlling here? In that case the tax was on income earned and unearned. The court there felt that no reasonable basis existed for classifying income according to amount and taxing the different amounts at different rates. Here, the tax is on the privilege of engaging in an occupation. Is it so obviously unreasonable to state that the privilege may be taxed only if its exercise produces a return above a certain amount, that the receipt of less than such amount indicates that exercise of the privilege provides either an insufficient basis for taxation or is too "de minimis" to require en-

gaging in all the administrative and enforcement activity otherwise required? In short, may we classify in this case without violating the Constitution?

Classification, if reasonable, is permissible. *Jones and Laughlin Tax Assessment Case,* 405 Pa. 421, 175 A. 2d 856 (1961). See *Coe v. Duffield,* 185 Pa. Superior Ct. 532, 138 A. 2d 303 (1958). In viewing the privilege tax imposed here, I see no more unreasonable a classification than in classifying those who inherit into lineals and collaterals (see Act of June 15, 1961, P. L. 373, §§403, 404) or in classifying insurance companies between foreign and domestic. *The Germania Life Insurance Co. of New York v. Commonwealth of Pennsylvania,* 85 Pa. 513 (1877). Here the legislative arm of the city has determined that there is not sufficient nexus between the small earner and the city to make the determination that he is exercising the privilege of engaging in an occupation in Johnstown. 'Many instances would develop in which the amount earned by occasional workers would be less than the tax on the privilege of working. Can we now say that the legislative determination not to collect the tax from those who earn less than the amount necessary to make them actually engaging in an occupation unconstitutional?

The flaw in the majority opinion is in its immediate jump from concluding that the uniformity clause applies to privilege as well as property taxes thus concluding that the tax levied here lacks uniformity. Even assuming the former, we do not, *ipso facto,* determine the latter. The subject of taxation must be analyzed; and, here, unlike in *Kelley v. Kalodner,* the income is not the subject of tax. It is, rather a device of classification and, I believe, a reasonable one under the circumstances. Nothing presented by appellee here indicates otherwise.

In *Turco Paint & Varnish Company v. Kalodner,* 320 Pa. 421, 184 A. 37 (1936), our Court determined

that the corporate net income tax which applied a flat rate of tax to federally determined corporation net income, even though the corporation net income had all sorts of exemptions built into it, did not create lack of uniformity. Nor did the exclusion from the corporate net income tax of building and loans, banks, insurance companies, etc., violate the uniformity clause. In *Commonwealth v. Warner Bros. Theatres, Inc.,* 345 Pa. 270, 27 A. 2d 62 (1942), we held that the fact that the federal definition of net income, both as to what is to be included and what may be deducted therefrom, does not impinge upon our uniformity clause. Both the Corporate Net Income Tax and the Capital Stock Tax imposed by the Commonwealth and paid by Pennsylvania corporations are filled with deductions and exemptions. I cannot subscribe to a system of jurisprudence that permits exemptions from taxation to corporations and at the same time denies similar treatment to individuals.

I dissent.