## Strouse v. Ellwood City Borough

*James M. Keller*, for appellants.

*Marvin Luxemberg*, for Borough.

LYON, J., June 10, 1970.—This is an appeal testing the legality of the passage by the Council of the Borough of Ellwood City of five ordinances, designed to control building construction and housing in that municipality. The appeal was brought under and in conformance with section 1010 of The Borough Code of February 1, 1966, P. L. (1965) 1656, as amended,

53 PS §46010. At a hearing before the court held on this appeal, the issues were defined, stipulations made and some testimony taken. It was stipulated by counsel for both sides that no public hearing was held prior to the passage of the Building Code Ordinance No. 1571.

I.

The first issue to be discussed is whether or not appellants, all residents of the Borough of Ellwood City, have standing to appeal and challenge each of the five ordinances which collectively are known as the "workable program ordinances." The appeal is taken under The Borough Code, sec. 1010, 53 PS 46010, which, in part, reads as follows:

"Complaint as to the *legality* of any ordinance or resolution may be made to the court of quarter sessions, upon entering into a recognizance with sufficient security to prosecute the same with effect and for the payment of costs, *by any person aggrieved,* within thirty days after the enactment of any ordinance or the adoption of any resolution, and the determination and order of the court thereon shall be conclusive . . ." (Italics supplied.)

The question immediately directs itself to whether or not appellants herein are such persons aggrieved to enable them to have standing to appeal and challenge the workable program ordinances.

At the outset, a distinction must be made with respect to a person being aggrieved in order to challenge a zoning ordinance being enforced against him, and his being aggrieved in order to attack the regularity of procedures in the enactment of an ordinance. The issue in question concerns itself with the latter. The basic contested issue in the present case centers around procedural propriety, and the conclusion of whether or not plaintiffs herein are aggrieved must be determined in this context.

The cases cited by counsel for the Borough of Ellwood City are not material or relevant in deciding whether or not plaintiffs are aggrieved persons who have standing to question procedural regularity of ordinances. These cases are accurate authority for the other proposition which must be distinguished, namely, that a person must be specially aggrieved in order to challenge the validity of a zoning ordinance when it is being enforced.

For example, the first case cited by the Borough of Ellwood City is Martin v. City of Chester, 44 Del. Co. 1 (1956), which supports the position that there is no common-law right giving citizens and property owners the right to attack an ordinance by taking an appeal to a court of record, and such right of appeal must, therefore, be created by statute. In this case, the court pointed out the right of appeal must be created by statute. The court failed to find any legislative authority in The Third Class City Code of June 23, 1931, P. L. 932, which provided an avenue of appeal to the court of common pleas where it could entertain an action seeking to have an ordinance declared void because of alleged procedural defects in its passage and adoption. Thus, the court concluded there is no common-law right of appeal with respect to The Third Class City Code. In the present case, the issue involves The Borough Code which, in fact, does provide an avenue of appeal to the court of quarter sessions to question the legality of an ordinance. See 53 PS §46010.

The case of Kistler v. Swarthmore Borough, 134 Pa. Superior Ct. 287, 4 A.2d 244 (1939), cited by the Borough of Ellwood City, likewise is not applicable in support of the position that plaintiffs in the issue at bar are not aggrieved. In Kistler, an ordinance was challenged which prohibited the building of motion picture theaters in the Borough of Swarthmore. A

citizen who desired to build a motion picture theater attacked the ordinance. His appeal was denied by a court which noted that the land he owned had been zoned more than nine years before the passage of this ordinance as being unavailable for the building of motion picture theaters. The court also stated that to ascertain whether petitioner is legally aggrieved, it must determine the effect of this ordinance on petitioner's property. The distinction to be made as previously mentioned is that the court in Kistler is defining "aggrieved" in terms of a zoning ordinance being confiscatory to plaintiff. It is not analyzing the meaning of "aggrieved" in terms of who is entitled to attack the validity of an ordinance based upon defects in the procedural requisites of enactment and adoption which is the pertinent issue in the present litigation.

Also relied upon by counsel for the Borough of Ellwood City is White v. Philadelphia, 408 Pa. 397, 184 A.2d 266 (1962), which fails to substantiate his position that appellants herein are not aggrieved. In the White case, a housing project financed solely by funds of the Federal government sought to purchase a building or structure, rehabilitate it and utilize it as a low rent housing unit. This was challenged in that this action is outside the scope of the Pennsylvania Housing Authorities Law of May 28, 1937, P. L. 955. White's sole objection was that this housing project would bring objectionable persons into the neighborhood. The court held that White had no standing to attack the ordinance which authorized the housing authority's action. The decision turned on the point that even though White is a taxpayer of the city and the Federal government, this does not vest in him the standing to challenge an ordinance and that he must be adversely or directly affected. Again,

the distinction is made that White is not challenging the procedures of enactment, but he challenged the constitutionality of the ordinance, whereupon it is agreed that he must be specially affected by the ordinance. However, in the present case wherein the procedural regularities are questioned, one need not be aggrieved in the same sense as one attacking the effect of an ordinance being confiscatory as to his property.

The logical reason for the procedural requirements regarding the enactment of an ordinance in Pennsylvania is to advise the citizens of the content and purpose of the legislation. When one challenges the procedural requirements, he is not directly nor adversely affected in terms of suffering an undue hardship at this point in time. He merely initiates a complaint that if the ordinance is enacted, it must comply with the applicable procedural rules of law to be properly adopted. It was, in fact, ruled at the hearing held on this appeal that the alleged substantive violations concerning the validity of the "workable program ordinances" could not be raised or considered because this was outside the jurisdiction of the court of quarter sessions. See Palmeri v. Penn Hills Township, 428 Pa. 464, 239 A.2d 204 (1968). Generally, the meaning of "aggrieved" in the cases cited by the Borough of Ellwood City was in the context of an attack into the substantive provisions of an ordinance or of its enforcement against a person in an alleged violation of due process. Hence, these cases are not directly pertinent to the issue at hand.

A more reasonable attitude on the policy taken by the court in interpreting the word "aggrieved" in the statute is encountered in the Carroll Twp. Annexation Case, 80 York 5 (1966). Here, the complaint was against the propriety of an ordinance wherein

the court stated: "The courts should not try to restrict the right to complain by narrowing the definition of persons aggrieved, but on the other hand should protect the right of appeal by giving a liberal construction to the statutory provision granting that right."

It is also well to note the decision of In re Appeal from Ordinance, Borough of Duryea, 34 Luz. 345 (1940). Here, it was held if ordinances were illegal from their manner of adoption, appellants were, as councilmen or as taxpayers, aggrieved, and the simple remedy, by appeal under The Borough Code, was appropriate.

Based upon the distinction made at the outset and the logical reason for the notice requirement in enacting ordinances, we find appellants herein are aggrieved persons who have legal standing to challenge the procedural irregularities in the workable program ordinances; namely, the Building Code, ordinance no. 1571, the Plumbing Code, ordinance no. 1572, the Electric Code, ordinance no. 1573, the Fire Prevention Code, ordinance no. 1574, and the Housing Code, ordinance no. 1575.

## II.

The next issue to be considered is whether or not ordinance no. 1571 is a zoning ordinance within the contemplation of the law. A substantial portion of ordinance no. 1571 does, in fact, concern itself with use and occupancy which deals with the most rudimentary concepts of zoning and section 19A of said ordinance is entitled "Zoning." See page 12 of ordinance no. 1571. Section 19A calls for designation of districts which divide the Borough of Ellwood City into three districts for the purpose of this ordi-

nance. A map designating the three districts was also attached to this ordinance and it is referred to as a "Zoning Map." The ordinance also stipulates specifically how and where boundary lines are to be determined. Moreover, section 200.2 reads: "Nothing herein contained shall be deemed to nullify any provisions of the Zoning Ordinance or any other Ordinance, Resolution or Regulation of the Borough of Ellwood City pertaining to the location, use, occupancy or type of construction of buildings, *except as may be specifically required by the provisions of the Basic Code.*" (Italics supplied.)

This clearly indicates that the basic code takes precedence in the event of a conflict between the Ellwood City zoning ordinance and the basic code. Thus, the basic code could promulgate zoning changes with the same effect as a zoning ordinance amendment which, however, would require that the governing body hold a public hearing pursuant to a specific public notice. See Act of July 31, 1968 (Act No. 247) sec. 609, 53 PS § 10609. Since no public hearing was held in the instant case, the zoning provisions of section 19A of ordinance no. 1571 are invalid for failure to comply with the necessary procedural requisites inherent in the mandated legal notices and public hearings. In Kelly v. Philadelphia, 382 Pa. 459, 115 A.2d 238 (1955), it was held that a zoning ordinance was rendered invalid by failure to follow the express provisions of the law requiring notice by publication. The Borough of Ellwood City cannot exalt form over substance and thereby masquerade a zoning ordinance amendment as a part of a building code ordinance which, unlike a zoning ordinance, may be validly passed and legally adopted without first holding a properly advertised, special public hearing.

## III.

The pivotal issue now directs itself to whether or not the advertisement in the newspaper in this instance constitutes a valid notice as required by section 1202 of The Borough Code of February 1, 1966, P. L. (1965) 1656, subsecs. 21 and 24, 53 PS §46202, subsecs. 21 and 24. These sections require that the advertisements contain the following three relevant provisions to the aforestated issue:

1. An informative notice of intention to consider the passage of such codes;

2. A brief summary setting forth the principal provisions of such proposed code in such reasonable detail as will give adequate notice of its contents; and

3. A reference to the place or places within the borough where copies of such proposed . . . code may be examined.

The first requisite is satisfied as demonstrated by the relevant advertisement of each ordinance all of which, in part, state: ". . . Borough of Ellwood City intends to consider and adopt an ordinance . . ." See Zoning Amendment of West Goshen Township, 7 Chester 133 (1955).

The second requisite focusing upon adequate notice presents the crux of appellant's argument. More specifically, whether the advertisements set forth the principal provisions in such reasonable detail as will give adequate notice of the contents. To place this requisite in its proper perspective, a statement in the case of Schuylkill Township Zoning Ordinance, 7 Chester 123 (1955), is in order: "We are of opinion that section 2004 of the Code (the Code referred to uses language identical to the one in the present case), above quoted, means that the notice given shall set forth a brief summary, that is to say, a brief sum-

ming up of the principal provisions, in such detail, that is, the summary is to be in such detail, as gives adequate notice of the contents of the proposed ordinance. It does *not* mean that details of the principal provisions (as the complainant seems to contend) shall be set forth." (Italics supplied.) All that is necessary is the summing up of the principal provisions.

## IV.

We now turn to an examination of the advertisements with reference to each of the workable program ordinances to determine if the statutory requirement regarding sufficient notice as to the contents of the proposed ordinances is satisfied. The Building Code, or ordinance no. 1571, adequately complies with the statutory requirement of setting forth a brief summary of the principal provisions. In comparing the table of contents of the B.O.C.A. Basic Building Code, and the notice in the newspaper, it becomes apparent that the notice encompasses each and every item contained in the basic code. Further, the notice uses broad terms such as, ". . . regulating the design and use and performance of materials and *systems of construction,* and *general building limitations,*" and *"providing penalties for violations."* It also seems significant to recognize the notice concludes with the "catch all" phrase of ". . . *and every other item* used in building construction, remodeling, and repair."

The zoning provisions, previously determined to be defective because of procedural irregularities, are included within the Building Code, ordinance no. 1571, and, therefore, must be adjudicated. That the notice did not refer to a redesignation of zoning districts for the purpose of ordinance no. 1571 does not taint the entire notice with invalidity, for it properly informed all borough citizens of the principal provisions of the Building Code regulations. Thus, only

the zoning section of the Building Code, ordinance no. 1571 is invalid. If the invalid zoning provisions are distinct and not so interwoven as to be inseparable, the court should sustain the valid portion. See Junge's Appeal (No. 2), 89 Pa. Superior Ct. 548 (1927); Com. v. Schaeffer, 98 Pa. Superior Ct. 265 (1930); Murray v. Philadelphia, 364 Pa. 157, 71 A.2d 280 (1950).

The question now is whether or not the valid portion of ordinance no. 1571 is independent and complete within itself: Saulsbury v. Bethlehem Steel Company, 413 Pa. 316, 196 A.2d 664 (1964). The only portion of ordinance no. 1571 which deals with the concepts of zoning is found in section 19A. This section, in essence, divides the Borough of Ellwood City into three districts for the purpose of ordinance no. 1571. The zoning is not pervasive so as to touch and concern every item of regulation within the ordinance. The remainder of the ordinance is not inextricably interwoven with the few lines of zoning stated in section 19A and is viable and separate and apart from the zoning portion. The remainder of ordinance no. 1571 concerns itself with building regulations and use group classifications regardless of where the building is located. Moreover, to hold that "use and occupance" in the context of building regulations is tantamount with zoning is erroneous. Building regulations, of necessity, must involve uses or occupancy to be functional, and the enforcement of building regulations is not the same municipal or borough activity as classifying a section of land as residential so as to preclude the construction of anything but residential structures thereafter. The fundamental purpose of a building regulation is to develop and improve the methods and materials used in construction in furtherance of promoting the

health, safety and welfare of the people. It is unthinkable to set a standard of construction without first considering what use is planned for a particular structure. For example, a building that houses the working with hot metals will certainly be made more safe if a building regulation requires its walls to be fireproofed. This is not the same as zoning the location for industrial use and can be distinguished from the concept of zoning. Thus, section 19A which deals with zoning and is invalid can be excised from the remainder of ordinance no. 1571 without affecting the operability of the ordinance.

## V.

The Plumbing Code, ordinance no. 1572, the Electric Code, ordinance no. 1573, the Fire Code, ordinance no. 1574, and the Housing Code, ordinance no. 1575, were properly and adequately advertised. Based upon the summing up of the principal provisions and the broad encompassing language used, a citizen should be put on notice of the proposed legislation and its probable contents. As the statute requires, there need be only a summary given so as to enable the people to explore the legislation in detail, if desired. This leads to the final point to be considered with respect to the third statutory requisite being satisfied.

## VI.

The third statutory requisite, as stated earlier, reads: "A reference to the place or places within the Borough where copies of such proposed code may be examined." All current copies of the various ordinances proposed were produced for distribution to the citizens of the Borough of Ellwood City with the exception of the Electric Code, ordinance no. 1573. In lieu of the National Electric Code of 1968, which was

required to be available, the National Electric Code of 1965 was distributed. This was proven by the uncontradicted testimony of William G. Strouss, Jr. seen on pages 27 and 28 of the notes of testimony and appellant's exhibit no. 6.

In light of the 1965 National Electric Code being distributed to Strouss, ordinance no. 1573 must be held invalid for failure to meet one of the procedural requisites of The Borough Code set forth at 53 PS §46202, subsec. 24. This statute requires that the ordinance be available and in this instance, the 1965 National Electric Code was distributed which is significantly different from the 1968 National Electric Code which was being adopted. The National Electric Code, 1968 Edition, on page 70-i (this is the first page one sees upon opening the book) states: "Changes in the 1968 Edition of the National Electric Code (as compared with the 1965 Edition) are indicated by vertical marginal rules on the affected pages. In certain cases, minor editorial changes are not so indicated." The question of substantial compliance is quickly discarded upon noting that more than half the pages of the 1968 code have changes. Along with the number of changes, assuming that the committee which authors the changes is composed of specialists in this field, the changes are not to be given mere cursory attention. Hence, there is no substantial compliance with the statutory mandate. Hence, the Electric Code, ordinance no. 1573, is invalid and of no effect.

## VII.

In summary, ordinances numbered 1572, 1574 and 1575 were properly advertised and legally adopted. Ordinance no. 1571 is valid in part. Section 19A must be excised from this ordinance and the remainder thereof is held to have been properly adopted and

legally valid. Ordinance no. 1573 is null and void because of noncompliance with the statutory mandate of The Borough Code set forth at 53 PS §46202, subsec. 24.

## ORDER

Now, June 10, 1970, for the reasons stated in the foregoing opinion, it is ordered, adjudged and decreed:

1. The appeal relative to the Electric Code, ordinance no. 1573, is sustained.

2. The appeal relative to the Building Code, ordinance no. 1571, is sustained insofar as the zoning provisions, section 19A, are concerned, and in all other respects the appeal relative to the Building Code, ordinance no. 1571, is dismissed.

3. The appeals relative to the Plumbing Code, ordinance no. 1572, the Fire Prevention Code, ordinance no. 1574, and the Housing Code, ordinance no. 1575, are dismissed.

4. All costs of this appeal shall be paid by the Borough of Ellwood City.