Lower Dauphin School District, Appellant *v.* William J. Kutler and Willard E. Kidwell, on Behalf of Themselves and All Others Similarly Situated, Appellees.

Argued December 18, 1981, before Judges Rogers, Blatt and Williams, Jr. Reargued September 14, 1982, before President Judge Crumlish, Jr. and Judges Rogers, Blatt, Williams, Jr., Craig, Mac-Phail and Doyle.

*Robert W. Barton, Killian & Gephart,* for appellees.

*William Fearen,* with him *Michael I. Levin, Cleckner and Fearen,* for Amicus Curiae, Pennsylvania School Boards Association.

OPINION BY JUDGE MACPHAIL, August 4, 1983:

Section 2 of The Local Tax Enabling Act (Act), Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §6902, authorizes certain enumerated political subdivisions to levy taxes on "occupations". Pursuant to that authorization, the Lower Dauphin School District (School District) enacted a resolution imposing such a tax for the fiscal years 1973-1974 and 1974-1975. Appellees, plaintiffs below,[1] paid the taxes and then commenced an action in assumpsit to recover the taxes which they claimed were unlawfully levied. The gravamen of the action is Appellees' contention that they have no taxable occupation. The issue presented to the trial court was whether retired persons and housewives have taxable occupations within the meaning of the Act. That court held that they did not. This appeal followed.[2]

Cases involving the tax on occupations are numerous but there is no appellate authority in Pennsylvania regarding the specific issue now before us.

[1] William J. Kutler and Willard E. Kidwell commenced this action as a class action. The class was subsequently identified and certified pursuant to the Pennsylvania Rules of Civil Procedure. Prior to the trial of the case, the trial court permitted the addition of Ruth Lucille Gardner as a named plaintiff.

[2] This case was argued before a panel of this Court in December of 1981 and reargued before a court en banc in September of 1982. It was assigned to the opinion writer on June 9, 1983.

When the issue has been considered by trial courts in Pennsylvania, the results have differed.[3]

The disposition of the issue before us depends upon the definition of the term "occupation" as it is used in the statute. There is no statutory definition nor is the term defined in the tax resolution now before us. It is true, as School District notes, that the words of a statute are to be construed according to their common and approved usage unless they are technical words or words which have acquired a peculiar and appropriate meaning. Section 1903 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1903. As early as 1885, our Pennsylvania Supreme Court held, "An 'occupation' tax is peculiar in its character. It is not a tax upon property, *but upon the pursuit which a man follows in order to acquire property and support his family."* *Banger's Appeal,* 109 Pa. 79, 95 (1885) (emphasis added). This definition was quoted with approval in *Crosson v. Downingtown Area School District,* 440 Pa. 468, 270 A.2d 377 (1970). While School District would have us use dictionary definitions more to their liking, we believe our Supreme Court has defined the term in positive language and that we may adopt it and, indeed, may be bound by it.

---

[3] The York County Court of Common Pleas found the subjects taxable. *Miller v. York Imperial School District,* 23 D. & C.2d 406 (1960) and *Lashe v. Northern York County School District,* 92 York 127 (C.P. Pa. 1979), *rev'd on other grounds,* 52 Pa. Commonwealth Ct. 541, 417 A.2d 260 (1980). The Common Pleas Courts of Lancaster County, Centre County, Dauphin County and Perry County are contra. *Bigler v. Penn Manor School District,* 63 Lanc. Rev. 409 (C.P. Pa. 1972), *State College Area School District,* 9 Centre Co. L.J. 417 (C.P. Pa. 1974), *Peifer v. Central Dauphin School District,* 97 Dauph. 199 (C.P. Pa. 1975) and *25 Taxpayers v. School Directors West Perry School District Civil Action No. 80-948,* Perry County Court of Common Pleas, filed November 21, 1980.

Section 1921 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921 requires us to construe statutes by ascertaining and effectuating the intent of the General Assembly. In this regard, we note that Section 2 of the Act provides in pertinent part that:

Each local taxing authority may, by ordinance or resolution exempt any person whose total income from all sources is less than five thousand dollars ($5,000) per annum from the . . . occupation tax. . . .

The original statute provided for an annual income exemption of $2,000. At the time the case *sub judice* was at issue before the trial court the exemption was $3,200. The statute was last amended in 1982 to provide for the present $5,000 exemption. Since the law is well settled that the occupation tax is not an income tax, *Banger's Appeal,* there must be some connectional link between the income exemption provided in the statute and the occupation tax. We are of the opinion that the connectional link is that only income producing occupations are taxable. Such an interpretation would be fully compatible with the judicial definition that an occupation is the pursuit one[4] follows to acquire property or support a family. We conclude that unless one has an income producing occupation, such person cannot be subject to the occupation tax here levied.

Evidence was produced by School District at the trial of this case which would tend to prove that a homemaker has an occupation because it has economic value. No one acquainted at all with the services of

---

[4] We recognize the gender problem in the judicial definition in masculine terms and in the claimed exemption here for "housewives". We are of the opinion that the judicial definition is not self-limiting to males nor is the claimed exemption self-limiting to females.

a homemaker could deny that such services rendered to a family are of inestimable value and involve a variety of occupational skills; but we are here concerned with subjects of taxation rather than a determination of the economic *value* of any particular activity. The issue is not whether homemakers or retired persons do something of value for themselves or for others but whether what they do produces a realizable pecuniary benefit which could be used by them to acquire property or support a family. We think the answer to the latter question must be in the negative.

In summary, homemakers and retired persons are not subject to an occupation tax because they have no taxable occupation.

School District argues also that if homemakers and retired persons are exempt, the Act would be rendered unconstitutional because its provisions would then violate Article VIII, Section 1 of the Pennsylvania Constitution which requires that all taxes be uniform upon the same class of subjects. School District contends that exempting some occupations while taxing others clearly is in contravention of the Constitution. In support of its argument, School District cites *Saulsbury v. Bethlehem Steel Co.*, 413 Pa. 316, 196 A.2d 664 (1964) where our Supreme Court held unconstitutional an ordinance which exempted individuals who earned less than $600 per annum from an occupational *privilege* tax. In that case our Supreme Court said:

> While different subjects may be reasonably classified for tax purposes . . . there must be no lack of uniformity within the class, either on the given subject or the tax or the persons affected as payers. . . . If a tax is levied on an occupational privilege, it must apply to all who

share the privilege. Part of the class may not be excused, regardless of the motive behind the action. (Citation omitted.)

*Id.* at 319-20, 196 A.2d at 666. In *Crosson,* our Supreme Court upheld a resolution which taxed occupations but exempted persons under 21 years of age. The Court found such an exemption to be a reasonable classification for tax purposes, holding that a taxing authority may classify subjects based on the existence of differences existing in the business world, want of adaptability of the subjects, well grounded considerations of public policy and the impracticability of applying the same methods of taxation so as to produce uniformity and justice.

In the instant case, we have held that neither retired persons nor homemakers *have* taxable occupations. As a result, such persons are not proper subjects of the tax. Since they have no taxable occupation, we need not consider whether this is a reasonable classification of persons *with* occupations. We hold the constitutional issue to be without merit.

Order affirmed.

ORDER

The amended order of the Court of Common Pleas of Dauphin County dated January 9, 1981 is affirmed.

————

CONCURRING AND DISSENTING OPINION BY JUDGE DOYLE:

I respectfully dissent and concur only in the result reached by the majority with regard to retired persons.

Section 2 of The Local Tax Enabling Act (Act), Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §6902 provides, in pertinent part:

> The duly constituted authorities of the following political subdivisions . . . may, in their discretion, by ordinance or resolution, for general purposes, levy, assess and collect or provide for the levying, assessment and collection of such taxes as they shall determine on persons, transactions, occupations, privileges, subjects and personal property. . . .

As the majority points out, the Act nowhere defines "occupation" and we are therefore bound by Section 1903 of the Statutory Construction Act, 1 Pa. C. S. §1502 to construe the word according to its "common and approved usage." *Id.* It seems to me beyond dispute that the common and approved usage of the word "occupation" includes "housewife" or "homemaker."[1] The majority urges, however, that since our Supreme Court in *Banger's Appeal,* 109 Pa. 79 (1885), held that an occupation tax is "peculiar in its character," *Id.* at 95, the word "occupation" as used in the Act is therefore a word which must be interpreted under Section 1903 of the Statutory Construction Act as one having "a peculiar and appropriate meaning." The majority then concludes that the use of "occupation" in the Act is limited to income-pro-

---

[1] The opinion of the court of common pleas and the briefs filed in this appeal employ the term "housewife" to denote those individuals who devote their time to performance of the cooking, cleaning and child-care services necessary for the support of home and family. I discern no intent by the District to tax only wives who provide these services, as indeed they constitutionally could not, but use of the term is clearly inappropriate as it excludes the increasing number of men who have of late chosen to undertake these functions for their families. The recently coined parallel term "househusband" is not helpful in this regard and, consequently, I echo the majority and employ the gender-neutral term "homemaker" throughout this opinion.

ducing occupations, and that "homemaking" is not an income-producing activity.

In reaching this definition of the word "occupation," the majority relies on that portion of Section 2 which provides:

> Each local taxing authority *may,* by ordinance or resolution, exempt any person whose total income from all sources is less than five thousand dollars ($5,000) per annum *from the per capita* or similar *head tax, occupation tax and occupational privilege tax,* or *earned income tax,* or any portion thereof. . . . (Emphasis added.)

53 P.S. §6902. From this permissive, not mandatory exemption provision, the majority reasons that we must construe an income limitation in our definition of the word "occupation" for purposes of taxation under the Act, and conclude that the legislature intended us to read "occupation" as "income-producing occupation." I would submit that this analysis is in error and that the inclusion of an income factor in the definitions of the classifications of "occupation" within the intendment of the Act violates the uniformity clause of the Pennsylvania Constitution, Art. VIII, §1. What the legislature intended was that persons, transactions, occupations, privileges, subjects and personal property be taxed under the Act without consideration of income, but that the local taxing authority could, at its discretion, consider the income level of those taxed and exempt its low income citizens from taxation, in accordance with the specific exemption to the uniformity clause in the Pennsylvania Constitution, Art. VIII, §2(b)(ii). Following the reasoning of the majority, since the permitted exemption applies not simply to an occupation tax, we must similarly conclude that by "person" the

legislature intended us to read "income-earning person" and thereby subject only those who had income to a per capita tax. I think it is clear that the legislature had no such intention. The exemption does not indicate a legislative use of the words "occupation" and "person" which is different from their common and approved meanings.

The majority also relies on the description of an occupation tax in *Crosson v. Downingtown Area School District*, 440 Pa. 468, 270 A.2d 377 (1970). In *Crosson*, our Supreme Court distinguished an occupation tax from an income tax. The Court stated:

> This court has long recognized the distinction between occupation and income taxes: "An 'occupation' tax is peculiar in its character. It is not a tax upon property, but upon the pursuit which a man follows in order to acquire property and support his family. It is a tax upon income in the sense only that every other tax is a tax upon income; that is to say, it reduces a man's income by the precise amount of the tax. . . ." (Citations omitted.)

*Id.* at 476, 270 A.2d at 381 (quoting *Crawford v. Southern Fulton School District*, 431 Pa. 324, 333-34, 246 A.2d 332, 336 (1968)). We have followed *Crosson* and have held economic return to be only one of numerous factors contributing to the value which is taxed in an occupation tax. *See Haberman Appeal*, 37 Pa. Commonwealth Ct. 97, 388 A.2d 1159 (1978). The majority urges that to acquire property and support a family requires income and therefore an "occupation" must be activity which produces income. I do not quarrel with the obvious fact that it costs money to support a family, but I do not believe economic benefit and support to the family need be manifest only in the form of realized income. I think that

what is intended to be taxed by an occupation tax is activity which contributes to the acquisition of wealth by the household and to the maintenance of the family's standard of living. One's occupation is that activity to which one commits the majority of one's time and attention and which is undertaken in order to economically benefit the family.

Full-time homemakers, indisputably, are engaged in activity which results in substantial economic benefit to the household. I believe therefore that homemaking constitutes an occupation taxable under the Act. The cooking, cleaning, and childcare services provided by the homemaker would have to be purchased with family income if not performed by the family member. The courts of this state have recognized this economic contribution of the homemaker in the award of damages for wrongful death when the provider of these valuable services is lost. *See e.g. Spangler v. Helm's New York-Pittsburgh Motor Express*, 396 Pa. 482, 153 A.2d 490 (1959). And our legislature, in divorce legislation, has specifically recognized the economic contribution of the homemaker to the acquisition of marital property. *See* Section 401(d)(7) of the Divorce Code, Act of April 2, 1980, P.L. 63, 23 P.S. §401(d)(7). As our society and its institutions pay more than lip service to the economic contribution of the homemaker, I do not think we can justifiably distinguish this occupation from others and insulate homemakers from the burden of taxation. A spouse who chooses to contribute to the economic support of the family unit by devoting her or his full time attention to the performance of the homemaking services is as much engaged in an occupation as the spouse who is employed outside the home, and cannot therefore be exempt from an occupation tax.

It is of no consequence that in many households where both husband and wife are otherwise employed the services of the homemaker are not purchased but continue to be performed by one or more family members during non-working hours. Many who are employed in one occupation engage in activity during non-working hours which generates additional economic gain to the household. What is taxed under an occupation tax, however, is not *all* economically beneficial activity in which an individual engages, but rather that primary activity to which an individual commits his or her time in the pursuit of wealth and support of the family. An individual may have many pursuits, but only one occupation subject to taxation.

The majority's holding "that neither retired persons nor homemakers *have* taxable occupations" would also logically exempt those homemakers who do in fact earn a living performing the homemaking services. I refer not simply to maids, cleaning personnel, cooks or the like, but to professionals who provide the homemaking services to the elderly, the infirm, students or others beyond their own family, and who advertise themselves as "homemakers". A homemaker is a homemaker; and if homemakers have no taxable occupation, as the majority asserts, professional homemakers would also have no taxable occupation. The majority cannot distinguish between homemakers who earn no income from their activity and those who do without impermissably equating the occupation tax with an income tax, *see Crosson,* and violating the uniformity clause. *See Saulsbury v. Bethlehem Steel Co.,* 413 Pa. 316, 196 A.2d 664 (1964).

I concur in the majority opinion insofar as it holds that retired persons are exempt from an occupation tax because "retirement" is not an occupation. Retirement is the antithesis of a previous occupation.

It is that status reached when one no longer pursues an occupation in order to support the family or the accumulated wealth of the household. In retirement, the family is supported by income which is the fruit of years of work in the occupation from which one is retired, manifested in social security benefits, pension benefits, or a monetary return on investments made during one's working life; the family's means of support are generally *not* derived from the *current* activity of the retiree. I note also that, while the activity which constitutes the occupation of a doctor, homemaker, laborer, attorney, plumber, schoolteacher, or the like can be readily ascertained and described, the activity of a retired person will vary with the individual. One can determine with relative certainty those activities engaged in by most who share a particular occupation, but can describe only a wide variety of activities in which a retired person *might* possibly engage. Some may devote all their time to leasure activity, others to hobbies which may prove marginally profitable, and still others to continued work in the same or a different field.

I dissent from the opinion of the majority insofar as it holds that retired persons have no taxable occupation because they do not engage in income producing activity. I would hold simply that "retirement" is the opposite of occupation. The majority's holding implies that persons once retired may never be subject to an occupation tax. I can conceive that the activity of some retired persons may be considered the pursuit of a further occupation and thus be subject to taxation. For example, one might retire at an early age from one occupation and receive a substantial annuity as a result but then undertake a new occupation and be classified and made subject to tax on the value of the new occupation.