OPINION OP THE COURT
SEITZ, Circuit Judge.
The Supreme Court of the United States upheld, with two exceptions, the constitutionality of certain provisions of the Pennsylvania Abortion Control Act of 1982, as amended in 1988 and 1989. 18 Pa.Cons. Stat. §§ 3203-3220 (1990) (the “Act”). Planned Parenthood v. Casey, — U.S. -, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992). It, in substance, affirmed our earlier judgment in this matter. Planned Parenthood v. Casey, 947 F.2d 682 (3d Cir. 1991).
In its implementing mandate the Court first stated that the judgment in No. 91-902 “is affirmed.” The petition for certio-rari in that case had been filed by defendants-appellants, Casey, et al. (No. 91-902) (the “Commonwealth”) attacking the judgment of this court to the extent that it had affirmed the district court’s judgment that § 3209 of the Act (spousal notice) was unconstitutional. Since the judgment of our court was affirmed unconditionally on that claim, it is not of further relevance at this point.
In the second part of its mandate the Court stated:
The judgment in No. 91-744 is affirmed in part and reversed in part, and the case is remanded for proceedings consistent with this opinion, including consideration of the question of severability.
Thus, the judgment in No. 91-744 affirmed this court’s rejection of the constitutional attacks mounted by the plaintiffs (“Clinics”) on several portions of the Act. However, the Court reversed our judgment in part. We interpret that portion of the mandate to be based on the fact that we did not go on to declare the related subsection 14(a)(12) of § 3214 (report to Department of Health showing spousal notice) unconstitutional. Pursuant to the Court’s mandate, we will therefore amend our judgment to include a provision also invalidating subsection 14(a)(12) of § 3214 of the Act.
We turn now to the portion of the mandate directing us to consider the question of the severability of the balance of the Act from the two provisions declared unconstitutional.
The first provision declared unconstitutional by the Court is § 3209, entitled “Spousal Notice.” It reads in pertinent part as follows:
(a) Spousal notice required. — In order to further the Commonwealth’s interest in promoting the integrity of the marital relationship and to protect a spouse’s interests in having children within marriage and in protecting the prenatal life of that spouse’s child, no physician shall perform an abortion on a married woman, except as provided in subsections (b) and (c), unless he or she has received a signed statement, which need not be notarized, from the woman upon whom the abortion is to be performed, that she has notified her spouse that she is about to undergo an abortion____
The second, and related, provision declared unconstitutional is subsection 14(a)(12) of § 3214. It required a report of all abortions to the Department of Health containing, inter alia, the following information:
(12) Whether the abortion was performed upon a married woman and, if so, whether notice to her spouse was given. If no notice to her spouse was given, the report shall also indicate the reason for failure to provide notice.
We are met at the threshold with the Commonwealth’s contention that the Clinics waived their rights to attack the sever-ability of § 3209 because they did not ask the Supreme Court to review this court’s ruling in footnote 27, holding that § 3209 was severable. Planned Parenthood v. Casey, 947 F.2d at 715. In the present circumstances we do not decide whether the waiver argument has merit. We so conclude because, very simply, our relative position in the federal judicial hierarchy *77 does not permit us to ignore the Supreme Court’s mandate directing us to consider the severability question and we construe that mandate to mean that we should consider that question on its merits. We turn to that task.
The resolution of the severability of the two provisions from the balance of the Act is controlled by state law, in this case, Pennsylvania law. Davis v. Michigan Dep’t of the Treasury, 489 U.S. 803, 818, 109 S.Ct. 1500, 1509, 103 L.Ed.2d 891 (1989). Thus, we must predict whether the Supreme Court of Pennsylvania would sever the unconstitutional provisions and uphold the continuing legal validity of the balance of the Act.
The Abortion Act itself contains the following severability provision:
The provisions of this act are severable. If any word, phrase or provision of this act or its application to any person or circumstances is held invalid, the invalidity shall not affect any other word, phrase or provision or application of this act which can be given effect without the invalid word, phrase, provisions or application. Act of November 17, 1989, 1989 Pa.Laws 592, No. 64, § 6.
In addition, Pennsylvania has a general severability statute that reads:
The provisions of every statute shall be severable. If any provision of any statute or the application thereof to any person or circumstance is held invalid, the remainder of the statute, and the application of such provision to other persons or circumstances, shall not be affected thereby, unless the court finds that the valid provisions of the statute are so essentially and inseparably connected with, and so depend upon, the void provision or application, that it cannot be presumed the General Assembly would have enacted the remaining valid provisions without the void one; or unless the court finds that the remaining valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent. 1 Pa. Const.Stat.Ann. § 1925 (Supp.1991).
It is evident even from a casual reading of each statute that there is a clearly expressed legislative preference to retain the viability of the legal portions of a statute, if reasonably possible. See Commonwealth, Dep’t of Educ. v. First School, 471 Pa. 471, 370 A.2d 702, 705 (1977). Against that background, we look to the governing principles set forth in Saulsbury v. Bethlehem Steel Co., 413 Pa. 316, 196 A.2d 664, 666 (1964):
[A] statute or ordinance may be partially valid and partially invalid, and ... if the provisions are distinct and not so interwoven as to be inseparable ... courts should sustain the valid portions.
To apply the quoted principles, we first ask whether § 3209 and subsection 14(a)(12) of § 3214 are “distinct” from the balance of the Act. Certainly, the invalid provisions of the Act are, as a facial matter, physically distinct from the rest of the Act. Indeed, they did not even appear until the 1989 amendments to the Act. But, even if “distinct” can be said to have a more pervasive application, our view is unaltered. We say this because the subject matter of the invalid sections stands apart in its function from the core provisions of the entire Act. The core provisions are designed to require that an abortion decision by a woman be based on stipulated information and be made after an assured time to reflect about such a decision. They also impose procedural limitations on the rights of minors to obtain an abortion.
The second question we must answer under Pennsylvania law is whether the invalid provisions are realistically so interwoven with the valid provisions as to be inseparable. The answer to this question obviously may be quite similar to the first. In any event, we think it requires us to juxtapose the valid and invalid provisions and ask whether the valid provisions are functional without the two invalid provisions.
The first invalid provision requires a physician performing an abortion to have, with certain exceptions, a signed statement from the woman involved that she has notified her spouse that she is about to undergo an *78 abortion. The related provision, subsection 14(a)(12) of § 3214, requires that the report to the Department of Health recite that spousal notice was given.
We do not believe that the omission of these requirements would justify, in a meaningful sense, a conclusion that the General Assembly would not have enacted the other provisions of the Act had it known these particular provisions would be invalidated. The basic statutory scheme remains intact and can operate independently of the unconstitutional sections.
The Clinics contend, however, that the invalid provisions are the “centerpiece” of the Act. They argue that the legislative debates demonstrate how deeply many of the legislators favored the inclusion of the spousal notice provisions. The first difficulty with this argument is that such individual comments are not admissible as evidence of legislative intent under Pennsylvania law. Commonwealth v. Alcoa Properties, Inc., 440 Pa. 42, 269 A.2d 748 (1970); see Kentucky West Virginia Gas Co. v. Pennsylvania Pub. Util. Comm’n, 837 F.2d 600, 616 (3d Cir.1988). Furthermore, the intensity of views of individual legislators during the debate with respect to later-declared invalid provisions, standing alone, sheds little light on their intentions in the absence of such provisions.
We predict that under the controlling Pennsylvania law the Pennsylvania Supreme Court would hold the invalid provisions severable from the balance of the Act. We adopt the same position.
Finally, as a footnote in their brief on severability, the Clinics assert, as an aside, that they will request the district court to open the record and make further factual findings related to both the “new undue burden analysis” adopted by the Supreme Court, as well as the “preparedness of the Commonwealth to implement the Act.” The Commonwealth sought leave to respond. We deny that request because it is not a matter for our court, at least at this time. Our function under the Supreme Court mandate is to decide what we have been directed to decide and to reflect our decision in the modified judgment.
Pursuant to the Supreme Court’s mandate, our judgment will be amended to invalidate subsection 14(a)(12) of § 3214 of the Act, and the judgment as amended will constitute the judgment of the court. The matter will be remanded for such further proceedings as may be appropriate.