Campbell et al., Appellants, *v.* Coatesville
Area School District.

Argued April 30, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused November 16, 1970.

*A. Bruce Niccolo,* with him *Arthur A. Moorshead,* and *Moorshead & Niccolo,* for appellants.

*Franklin L. Gordon,* with him *Milton Apfelbaum,* for appellees.

OPINION BY MR. JUSTICE JONES, October 9, 1970:

In this appeal we are confronted basically with the same factual situation and legal principles presented to this Court in *Crosson v. Downingtown Area School District*, 440 Pa. 468, 270 A. 2d 377 (1970).

Appellants, taxpayers, in the Court of Common Pleas of Chester County in an equity action sought to enjoin a school district[1] and its tax collectors from collecting occupation taxes and to have the taxes declared invalid and unconstitutional. The occupational classification and assessment schedule is identical to that in *Crosson* although the tax resolution is different as to both the exemptions as well as the rate of taxation.[2] Again, as in *Crosson*, the authority for the school district's action was The Local Tax Enabling Act, Act of December 31, 1965, P. L. 1257, §1. *et seq.*, 53 P.S. §6901 *et seq.* (Supp. 1970).

The same collateral issues raised in *Crosson* concerning the occupational assessments made by the county assessing authorities upon which the tax was levied were raised below in the case at bar. An additional collateral argument was raised that, although each type of occupation was valued by the chief county assessor *prior* to the resolution, the occupation of each individual taxpayer situated within the school district was not

---

[1] Here we deal with a second-class, rather than *Crosson's* third-class, school district.

[2] "Now, THEREFORE, be it resolved by the Board of School Directors of the Coatesville Area School District, in pursuance of the authority granted by The Local Tax Enabling Act (Act 511 of 1965), as amended, (53 P.S. 6901) :

"SECTION 1. An occupation tax of 250 mills on occupations as assessed for the school year beginning on July 1, 1968 and ending on June 30, 1969, upon the occupations of all persons residing in the Coatesville Area School District, Chester County, Pennsylvania, made taxable by the laws of the Commonwealth of Pennsylvania, as determined by the Chief Assessor of the County of Chester."

pigeon-holed within the aforementioned occupational schedule until *after* the resolution was adopted. Hence, the argument is made that the county assessment at the time of the levy was improper and incomplete.

While a direct challenge to the tax resolution, comparable to that in *Crosson*, was advanced to the effect that the tax was not assessed and levied within the time provided by statute, two novel contentions were asserted: (1) the tax violates the Uniformity Clause of the Pennsylvania Constitution, Article VIII, §1, as it was the averred policy of the school district to create a *de facto* exemption for persons under twenty-one or over sixty-five or earning less than $600 per year, even though such exemptions were not included in the resolution; and (2) the schedule of occupational classification incorporated into the tax resolution is so vague and indefinite as to be unconstitutional.

The chancellor, by an adjudication dated June 2, 1969, entered a decree nisi dismissing the complaints, exceptions to this decree were dismissed by the court en banc and a final decree was entered on October 20, 1969. This appeal followed.

Turning to the collateral issues concerning the allegedly improper assessment procedures, appellee argued and the chancellor and the court en banc agreed, that a court of equity does not have jurisdiction or competency to determine the controversy. As to this contention we could simply affirm on the basis of *Crosson*. However, since the proper jurisdiction of equity in tax disputes has recently been expanded as well as contracted in a trilogy of cases, perhaps a more thorough explanation of this development is in order. The first of these cases, *Lynch v. Owen J. Roberts Sch. Dist.*, 430 Pa. 461, 244 A. 2d 1 (1968), considered the earlier case law in this area and concluded that, when a constitutional challenge to a tax resolution is pre-

sented, equity has the jurisdiction and competency to consider both the constitutional and nonconstitutional challenges even though there exists a *specific* statutory remedy at law. Moreover, *Lynch* demonstrated that, once equity obtains jurisdiction by reason of the presence of the constitutional issue, it may invalidate the tax resolution on solely nonconstitutional grounds without ever considering the constitutional argument. *Rochester & Pittsburgh Coal Co. v. Indiana County Board of Assessment and Revision of Taxes,* 438 Pa. 506, 266 A. 2d 78 (1970), actually restricted the broad doctrine of *Lynch* by requiring that the constitutional challenge affording jurisdiction to a court of equity must be "a substantial question of constitutionality (and not a mere allegation)." 438 Pa. at 508, 266 A. 2d at 79. Finally, *Crosson* limited *Lynch* by holding that, even the presence of a substantial question of constitutionality concerning the tax resolution, does not justify equity taking jurisdiction over *every* collateral, nonconstitutional attack on the assessment. The thrust of *Crosson* is that, if the nonconstitutional challenge to the assessment could not have been maintained in a separate action in equity on the assessment, it cannot be advanced in an attack on the tax resolution which was based on the assessment. As in *Crosson,* appellants' instant contentions in this regard do not substantially question either the constitutionality of the assessment or that the Chief County Assessor lacked the power to make the assessments and, in addition, a statutory appeals route is available.[3] Accordingly, a court of equity should not entertain these collateral attacks.

---

[3] The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P. L. 571, art. VII, §§701-704, as amended, 72 P.S, §§5453.701-5453.704.

Appellants' argument that the tax was not assessed (computed) within the time provided by statute[4] was also considered in *Crosson,* which held the statutory time limit to be directory and not mandatory. 440 Pa. at 477-78, 270 A. 2d at 381-82. *Crosson's* holding renders further discussion of this point unnecessary.

In the court below appellants contended that, while the tax resolution contained no exemptions, it was the policy of the school district in the enforcement of the resolution to exclude persons under twenty-one or over sixty-five or earning less than $600 per year and that these *de facto* exemptions violated the Uniformity Clause of our Constitution and should be enjoined. In *Saulsbury v. Bethlehem Steel Co.,* 413 Pa. 316, 196 A. 2d 664 (1964), we found an occupational privilege tax imposed solely on persons earning $600 or more violated the uniformity requirements. On the other hand, *Crosson* concluded that a tax classification excluding those under twenty-one from payment of an occupation tax did not violate the Uniformity Clause.

We have never decided the substantial constitutional question of whether persons over sixty-five may be released from liability from taxation nor do we need to decide it now. Even if the classification of those over sixty-five years were found to be unconstitutional as was the $600 exemption in *Saulsbury,* appellants have failed to *prove* the existence of such a policy or practice. Our case law involving the constitutionality of state taxation places a very heavy burden on those who seek to upset such taxation. *Prichard v. Willistown Township Sch. Dist.,* 394 Pa. 489, 147 A. 2d 380 (1959) (not invalid unless "clear, palpable and plain violation") ; *L. J. W. Realty Corp. v. Philadelphia,* 390 Pa. 197, 134 A. 2d 878 (1957) ("clearly, palpably, plain-

---

[4] Act of March 10, 1949, P. L. 30, art. VI, §672a, 24 P.S. §6-672a.

ly," leaving "no doubt or hesitation in our minds");
*Sablosky v. Messner*, 372 Pa. 47, 92 A. 2d 411 (1952).
We ascertain no reason to apply a different test in determining the validity of local municipal taxation. The record before us discloses that only one of twenty assessors testified that she excluded anyone—those under twenty-one only—another witness testified that the instruction complained of was given and eight other assessors did not state whether there was any such policy. Other evidence in this vein was without substance. The chancellor and the court en banc made no finding of fact that any such exclusionary instruction was given and our scrutiny of the record convinces us no failure to so find was justified by the evidence of record. Appellants have failed to discharge the heavy burden placed on them.

The occupational classification incorporated into the tax resolution is identical to the one considered in *Crosson* and *Crosson* controls the disposition of appellants' final argument that the classification is so vague and indefinite as to be unconstitutional.

Decree affirmed. Appellants pay costs.

Mr. Justice COHEN, Mr. Justice EAGEN and Mr. Justice POMEROY concur in the result.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

As the majority states, this case presents basically the same factual situation and legal principles involved in *Crosson v. Downingtown Area School District*, 440 Pa. 468, 270 A. 2d 377 (1970), and I again must dissent for the same reasons noted in my dissenting opinion in that case. Further, I am unpersuaded by the majority's treatment of the heavy burden of proof petitioners bear when seeking to challenge the constitutionality of a tax statute or ordinance.

While the majority has stated the rule as to the burden of proof for challenging taxation correctly, it has here misapplied that rule. The heavy burden rests with the challenger on the question of the *validity* of the tax—that is whether the provisions of the statute or ordinance involved are constitutional. See *Prichard v. Willistown Township Sch. Dist.*, 394 Pa. 489, 147 A. 2d 380 (1959). This burden is separate and distinct from the one where petitioners are alleging the existence of certain *facts* which would render the administration of the tax unconstitutional. In the latter case, petitioners have only to bear the normal burden for proving the existence of those *facts*—a preponderance of the evidence.

I dissent.

Mr. Chief Justice BELL joins in this dissent.