Taylor *v.* Coatesville Area School District.

Argued May 4, 1971, before President Judge Bow-
MAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER and ROGERS.

*A. Bruce Niccolo,* with him *Arthur A. Moorshead,
Moorshead & Niccolo,* for appellant.

*Franklin L. Gordon,* with him *Gordon and Ashton*
and *Milton Apfelbaum,* for appellee.

OPINION BY JUDGE MENCER, June 29, 1971:
Appellant, one of a group of 32 taxpayers, sought,
in the Court of Common Pleas of Chester County, to
have the occupation tax resolution enacted by the
Coatesville Area School District declared invalid and
unconstitutional. The authority for the School Dis-
trict's action was The Local Tax Enabling Act, Act of
December 31, 1965, P. L. 1257, §1 et seq., 53 P.S. §6901
et seq. (Supp. 1970). Appellant appealed to the lower
court from a reenactment on June 25, 1970 of an occu-
pational tax resolution enacted on May 21, 1968. Since
the rate of the tax was to be changed from 250 mills to
290 mills, the School District concluded that it was

necessary to fulfill the advertisement requirements of Section 4 of The Local Tax Enabling Act, *supra*, 53 P.S. §6904, prior to the adoption of any resolution imposing the tax at the increased rate. In accordance with the provisions of Section 4, a notice of the intention to adopt a resolution imposing the tax at the 290 mills rate was published in the Coatesville *Record*, a newspaper of general circulation, on May 28, June 4, and June 11, 1970. This notice stated that it was the intention of the Board of Education of the School District to adopt the resolution at its meeting to be held on June 18, 1970. On June 15, 1970, a news item appeared on the front page of the same newspaper in which the required three notices had appeared, stating that the Board meeting scheduled for June 18, 1970 would be held not on that date but rather on June 25, 1970. The meeting was held on June 25, 1970, and the resolution imposing the tax in question was adopted, to become effective July 1, 1970. Appellant and others filed a timely appeal which after hearing was denied by the lower court by an order filed January 14, 1971. This appeal followed, and we affirm the lower court's order.

The appellant raises three questions on this appeal: (1) Was the meeting of the School Board at which the subject occupation tax resolution was adopted duly advertised and held in accordance with the statutory requirements?; (2) Was the subject tax duly levied upon assessments made in accordance with the mandatory requirements of the fourth to eighth class county assessment law? and (3) Is a tax resolution which differentiates between persons solely on the basis of residence constitutional?

The first contention of appellant is answered by, and we believe controlled by, *Wilkes-Barre Appeal*, 208 Pa. Superior Ct. 424, 222 A. 2d 499 (1966). In *Wilkes-*

*Barre Appeal* the City Clerk of Wilkes-Barre was directed, on December 7, 1965, by the City Council to advertise the City's intention to impose an income tax by ordinance to be enacted on December 31, 1965, under the authority of the Act of June 25, 1947, P. L. 1145, as amended. On December 8, 15, and 22, 1965, such notice was advertised in a newspaper. On December 31, 1965, the Governor signed into law The Local Tax Enabling Act, *supra*, effective January 1, 1966, which provided, in part, that the Act of June 25, 1947, P. L. 1145, as amended, was repealed. On December 31, 1965, however, City Hall was closed for the New Year holiday. On January 4, 1966, at a regular meeting, the Council passed the proposed tax ordinance on first reading, and on January 10, 1966, the Council enacted the ordinance after a second and third reading. The ordinance recited that it was enacted under the authority of the Act of 1947, as amended. The Superior Court held that the ordinance was valid and that the ordinance was properly advertised in accordance with law. Also, and very important to the present case, it was held that The Local Tax Enabling Act, *supra*, contains no legislative mandate for a public hearing, but the only requirement relevant here is that the public be notified that the enacting body intends to adopt a tax resolution. Further, it was noted that there is a strong presumption that in exercising municipal powers the municipal governing body has not abused its discretion but has acted with reason and good faith. *Bilbar Construction Company v. Easttown Township Board of Adjustment*, 393 Pa. 62, 141 A. 2d 851 (1958).

Here we must conclude after an examination of the record that the public had ample information and opportunity to express its opposition to the adoption of the resolution imposing the 1970-1971 occupational tax

by the Coatesville Area School District on June 25, 1970. We find no evidence that the School District acted other than in good faith. We do not find that the citizens of the School District were misled or prejudiced by the manner in which this tax was imposed. Further, and most important, we are satisfied that the advertisement requirements of Section 4 of The Local Tax Enabling Act, *supra,* were fulfilled in this case.

Appellant's second contention (that the subject tax was not duly levied and assessed in accordance with the mandatory requirements of the fourth to eighth class county assessment law) was raised in regard to the occupation tax of 250 mills imposed by the same defendant school district for the school year beginning July 1, 1968 and ending on June 30, 1969. This contention, now again raised here, was ruled upon by the Supreme Court in *Campbell v. Coatesville Area School District,* 440 Pa. 496, 270 A. 2d 385 (1970). In that case, dealing basically with the same factual situation and legal principles presented here relative to appellant's second contention, it was held that where the nonconstitutional challenge to the assessment could not have been maintained in a separate action in equity on the assessment, it cannot be advanced in an attack on the tax resolution which was based on the assessments. We find this holding controlling and dispositive of appellant's second contention in the present case. *See also Crosson v. Downingtown Area School District,* 440 Pa. 468, 270 A. 2d 377 (1970).

Finally, appellant asserts that a tax resolution which differentiates between persons solely on the basis of residence is not constitutional. To be more specific, appellant contends that the tax which is the subject of our consideration was imposed upon the occupations of all persons residing in the Coatesville Area School District and therefore by implication it excluded the oc-

cupations of all other persons residing outside the district, even though they worked within the district.

What appellant fails to consider is that here we are confronted with an occupation tax and not an occupation privilege tax or a capitation tax. An occupation tax may only be levied on residents and must be a flat rate levy measured by the assessed value of a particular occupation. However, an occupation privilege tax must be levied on residents and nonresidents alike and may only be levied by the district in which one's occupation is pursued.

An occupation tax was defined by our Supreme Court as long ago as 1885 when in *Banger's Appeal*, 109 Pa. 79 (1885), at page 95 it used this language: "An 'occupation' tax is peculiar in its character. It is not a tax upon property, but upon the pursuit which a man follows in order to acquire property and support his family. It is a tax upon income in the sense only that every other tax is a tax upon income; that is to say, it reduces a man's clear income by the precise amount of the tax. But it is an income tax in no sense."

The appellant takes much comfort in the case of *Danyluk v. Johnstown*, 406 Pa. 427, 178 A. 2d 609 (1962), where the City of Johnstown had levied an "occupational tax" of $10 per year upon nonresident individuals engaged in any occupation whatsoever within the corporate limits of that city. This tax was struck down by our Supreme Court as not being uniform because it discriminated against nonresidents. However, the Court did so because it concluded that the tax in its real nature was a "capitation tax". The Court said, at page 429 of its decision, as follows: "The tax bears none of the incidents of an occupation tax which is a flat rate levy measured by the assessed value of a man's occupation. Consequently, in a true occu-

pation tax the amount of the levy varies with the assessed value of a particular mode of employment. Here, no distinctions among occupations are made, a fixed ten dollar levy falling upon all non-residents."

In *Gaugler v. Allentown*, 410 Pa. 315, 189 A. 2d 264 (1963), the difference between an occupation tax and an occupation privilege tax was recognized. The City of Allentown had imposed a tax of $10 per year on each individual, residents and nonresidents alike, engaged in an occupation within the corporate limits of that city. This tax was upheld as an occupation privilege tax since it taxed the privilege of all to engage in occupations within the municipality's territorial limits. The Supreme Court reaffirmed the legal power of a municipality to levy a true occupational privilege tax in *Saulsbury v. Bethlehem Steel Company*, 413 Pa. 316, 196 A. 2d 664 (1964).

The Local Tax Enabling Act of 1965, *supra*, authorizes the imposition of two distinct taxes—one upon the occupations of the residents of a taxing district by virture of the provisions of Section 2 itself, and one upon the privilege of engaging in an occupation within the borders of such district by virtue of the provisions of Subsection (9) of Section 2. Here we have a true occupation tax and only the residents of the School District are subject to its levy. Therefore, we must reject appellant's third contention as being without merit.

Order affirmed. Appellant to pay costs.