William Dowlin, Appellant *v.* Coatesville Area School District, Appellee.

Carlton W. Grove, Jr., Appellant *v.* Coatesville Area School District, Appellee.

Herman M. Breuninger, Appellant, *v.* Coatesville Area School District, Appellee.

Barry Hadley, Appellant *v.* Coatesville Area School District, Appellee.

Argued October 6, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Arthur A. Moorshead,* with him *A. Bruce Niccolo,* and *Moorshead & Niccolo,* for appellants.

*Franklin L. Gordon,* with him *Gordon & Ashton,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., December 26, 1975:

William Dowlin, Carlton Grove, Jr., Herman M. Breuninger, and Barry Hadley (Appellants) appeal a judgment of the Court of Common Pleas for the County of Chester which granted Coatesville Area School District's (Appellee) motions for summary judgment. These separate appeals were consolidated for argument and disposition. We affirm.

Appellee instituted suit by filing a complaint in assumpsit to collect delinquent occupation taxes[1] against Appellants Hadley and Grove for the school tax years 1968, 1969 and against Appellants Dowlin and Breuninger for the school tax years 1968, 1969 and 1970. How-

---

1. In May of 1968, the Appellee adopted an occupation tax resolution imposing an occupation tax on the occupation of residents of the district based on assessments made by the Board of Assessment. In May 1969 this tax was re-enacted. The resolution did not increase the millage, but the assessments were based on an expanded schedule prepared by the Board of Assessments. In May of 1970 the 1968 tax was re-enacted as changed by the resolution of 1969 this time providing for an increase in the millage.

ever, before Appellee instituted these suits, it had to struggle through years of other litigation brought in part by some of these Appellants and in other part by other taxpayers to establish the constitutionality and validity of the tax ordinances.[2]

After their preliminary objections were dismissed, Appellants filed an answer wherein new matter was set forth alleging that the tax as levied was illegal and unconstitutional, and was based on an improper assessment. Appellee filed preliminary objections in the nature of a demurrer to the answer and new matter, which were dismissed by the court. Appellee then filed its answer to new matter and later filed motions for summary judgment. The court, after hearing argument on the motions, granted summary judgment. Appellants then filed this appeal.

The sole question presented for our determination is: Is there no genuine issue as to any material fact so that Appellee is entitled to the summary judgment[3] as a matter of law?

Section 2 of The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, as amended, 53 P.S. §6902 gave to the Appellee the power to levy, assess and collect occupational privilege taxes. The assessments of occupations are made under the authority of The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. §5453.101, et seq.

---

2. The ordinances were held constitutional and valid in *Campbell v. Coatesville Area School District*, 440 Pa. 496, 270 A.2d 385 (1970) and *Taylor v. Coatesville Area School District*, 2 Pa. Commonwealth Ct. 510, 279 A.2d 90 (1971).

3. Rule 1035, Pa. R.C.P. Motion for Summary Judgment reads in pertinent part, as follows:

"(b) The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Pursuant to Section 21 of The Local Tax Enabling Act, Appellees brought the instant action to collect the unpaid occupational taxes. Appellants' defenses to these actions are that the taxes are illegal and unconstitutional. They contend, *inter alia*, the method of assessment is invalid, the tax violates the uniformity clause of the Pennsylvania Constitution[4] and is a disguised income tax, and the tax resolutions were not properly advertised. These contentions argued previously in the Supreme Court[5] and in this Court[6] were dismissed. We are bound by and adhere to these prior decisions. However, Appellants further contend that the taxes were not levied on the last adjusted valuations. None of the facts pertaining to this argument are material to these actions in assumpsit to collect the unpaid taxes. The Fourth to Eighth Class County Assessment Law provided Appellants with the means to object to their assessments. They were not pursued. Appellants cannot now raise this defense to their conduct relative to the collection of the unpaid taxes.

Under Pa. R.C.P. 1035(b) a summary judgment may be granted if the moving party shows that there is no genuine issue as to any material fact, and the record, viewed most favorable to the non-moving party, reveals that the moving party is entitled to judgment as a matter of law. *Commonwealth v. Transamerica Insurance Company*, 12 Pa. Commonwealth Ct. 190, 316 A.2d 85 (1974).

Our review of the record leads us to conclude that Appellants' averments are not material; therefore, summary judgment was properly granted.

Affirmed.

---

4. Pa. Const. Art. 8, §1.

5. *Campbell v. Coatesville Area School District*, 440 Pa. 496, 270 A.2d 385 (1970).

6. *Taylor v. Coatesville Area School District*, 2 Pa. Commonwealth Ct. 510, 279 A.2d 90 (1971).