## Kerr v. The City of Erie

*Stephen Tetuan,* for plaintiffs.
*Carl Carlotti,* for defendants.

NYGAARD, *J.,* September 29, 1981—At issue is the validity of the City of Erie's (hereafter, City) newly-enacted tax ordinance no. 7-1980. The case is before the court on plaintiffs'[1] petition of declaratory judgment[2] and defendant's motion for summary judgment.

The court finds that the only issues that exist are legal issues to be determined by the court. We grant judgment in favor of plaintiffs.

The facts are as follows:

On October 13, 1948, the City of Erie enacted Income Tax Ordinance no. 8394 which imposed a

---

1. Plaintiff's suit was certified as a class action on September 8, 1981 and the class was closed on September 28, 1981.

2. Plaintiffs have captioned their pleading as a motion for summary judgment. However, such motions are not proper in declaratory judgment action: Laspino v. Rizzo, 40 Pa. Commonwealth Ct. 625. 398 A. 2d 1069 (1979). Nonetheless, given the remedial nature of declaratory judgment actions. 42 Pa.C.S.A. §7541 and the liberality allowed with respect to pleading issues Pa.R.C.P. 126, I consider plaintiff's motion as one for declaratory relief and or motion for judgment on the pleadings.

one percent tax on the earned income and net profits of both residents and non-residents who conducted business in the City of Erie.

Concurrently, the Erie City School District enacted a similar one percent earned income and net profits tax. However, pursuant to The Local Tax Enabling Act of December 31, 1965, P.L. 1257, 53 P.S. §6908, the city and school district under these circumstances would equally share the proceeds of the one percent tax rather than burdening the taxpayer with a combined rate of two percent.

In January of 1980, the City of Erie proposed Official Ordinance no. 7-1980 which was designed to increase the earned income and net profits tax to one and one-half percent.

The city advertised its intention to increase the tax only once in the Erie Morning News on January 15, 1980. The first reading of the proposed ordinance occurred January 16, 1980 with the ordinance finally passing after the third reading on January 23, 1980. See 53 P.S. §36012.

In April 1981, plaintiffs initiated this class action to challenge the validity of the tax increase.

Plaintiffs' first challenge is to the propriety of advertising the proposed ordinance only once. Plaintiffs assert that the Tax Enabling Statute required the city to advertise the proposed increase three times, 53 P.S. §6904, and that failure to comply with section 6904 renders the tax null and void.

The city counters with the argument that section 6904 applies only where a new tax is being imposed and not where an existing tax is merely being increased. Thus, the city states, it was not necessary to advertise the ordinance three times.

For reasons herein explained, I reject the city's argument. Section 6904 states in its entirety:

"Prior to the passage of any ordinance or the

adoption of any resolution imposing a tax or license fee under the authority hereunder granted, such political subdivision shall give notice of the intention to pass such ordinance or adopt such resolution. Such notice shall be given in addition to all other notices required by law to be given and shall set forth the substantial nature of the tax or license fee to be imposed by the proposed ordinance or resolution, the reason which, in the judgment of the officials of the subdivision, necessitates the imposition of the tax, and the amount of revenue estimated to be derived from the tax. Publication of such notice shall be made by advertisement once a week for three weeks in a newspaper of general circulation within such political subdivision if there is such newspaper and, if there is not, then such publication shall be made in a newspaper of general circulation within the county in which the advertising political subdivision is located.

Every such tax shall continue in force on a calendar or fiscal year basis, as the case may be, without annual reenactment unless the rate of the tax is subsequently changed."

Admittedly, Official Ordinance no. 7 did not impose a new *type* of tax. However, the city's argument that section 6904 applies only to new *types* of taxes ignores the last sentence of that section. And, under section 1921(a) of the Statutory Construction Act of 1972, 1 Pa.C.S.A. §1921, a statute shall be construed to give effect to all its provisions.

The last sentence of section 6904 implies that when the rate of a tax is changed, it no longer continues in force without annual reenactment. It follows, then, that the ordinance by which the rate is changed must be reenacted and the prodecure outlined in section 6904 must be followed. This in-

terpretation of section 6904 is the only logical one in view of the section's obvious purpose, i.e. to alert the public to changes in their tax burdens.

Assuming, *arguendo,* that this interpretation of the final sentence of section 6904 is incorrect, I nonetheless hold that Official Ordinance no. 7 must be advertised in accordance with section 6904. The reason is simply stated: The original earned income and net profits tax of 1948 imposed a tax of one percent. The original ordinance had to, and did, meet the requirements of section 6904. Official Ordinance no. 7 imposes a tax of one and one-half percent on earned income and net profits of residents and non-residents. I believe it illogical to dispute the fact that Official Ordinance no. 7 is an "ordinance . . . imposing a tax" as that phrase is used in section 6904.

The case of Taylor v. Coatesville Area School District, 2 Pa. Commonwealth Ct. 510, 279 A. 2d 90 (1971) supports this alternative argument. In Taylor, supra, the school district proposed a 40 mill increase in the occupation tax. The school district advertised their intention once a week for three consecutive weeks. Plaintiffs subsequently challenged the validity of the increase on the ground that the school district failed to properly advertise a change in the date of the meeting at which the tax resolution was to be passed. The Commonwealth Court upheld the increase even though only one notice of the change in date had appeared in the newspaper.

The city argues that Taylor, supra, is inapposite to the instant case since the school district published three notices of the increase so that the Commonwealth Court's decision did not turn on that issue. I note that the decision did not turn on the "three notice" issue, but quote one sentence which

catches my eye from the Taylor decision, and, which expresses that appellate court's opinion that three notices are required at 2 Pa. Commonwealth Ct. 512: "On June 15, 1970, a news item appeared on the front page of the same newspaper in which the required three notices had appeared, stating that the Board meeting scheduled for June 18, 1970 would be held not on that date but rather on June 25, 1970." (Emphasis supplied.)

In conslusion, the court finds that the city was required to advertise Official Ordinance no. 7 three times pursuant to 53 P.S. §6904.

The next issue to resolve is the effect of the city's failure to comply with section 6904 and the propriety of this suit to assert the city's non-compliance.

As stated, this question relates to the effect on the ordinance of the city's failure to comply with section 6904. The answer seems to be so well-established that the city has not even addressed this issue in its brief.

First, it must be noted that taxing resolutions are subject to a strict construction and depend, for their validity, upon strict compliance with the Tax Enabling Satute. See, Glendale Heights Ownership Assoc. v. Glenolden Borough School District, 393 Pa. 485, 143 A. 2d 386 (1958).

Plaintiffs cite as authority the Superior Court decision in Newville Borough v. DeWalt, 173 Pa. Superior Ct. 254, 98 A. 2d 402 (1973). In that case, the lower court had entered judgment in favor of defendant declaring invalid a taxing ordinance which had been improperly advertised. The lower court's ruling on this point was not disputed at the appellate level.

While not controlling, two other counties have found in favor of the taxpayers when the taxing body's non-compliance with the advertising re-

quirements was at issue. In the Beaver County case of Henry v. Borough of Ambridge, 22 Beaver 152, 155 (1960), the court stated: "Unless the statutory requirement for advertising the intent is complied with, certainly there was a lack of power to pass the ordinance, the statutory requirement being mandatory and in the nature of a condition precedent."

This language was then quoted with approval in Rollerdromes of America, Inc. v. Garnet Valley School District, 69 D. & C. 2d 291, 297-298 (1974).

Just recently, as plaintiffs point out, Erie County has ruled that non-compliance with publication provisions is fatal: Fiolek v. Hammermill Paper Co., Docket no. 8355-A-1080.[3]

I shall follow the sound logic of the cases cited above and hold that the city's failure to advertise Official Ordinance no. 7 tree times as required by 53 P.S. §6904 renders that ordinance invalid. The effect of our holding is to invalidate Ordinance no. 7-1980 in its entirety, which leaves in effect the original taxing ordinance, unrepealed. Finally, defendants claim that plaintiffs are barred from instituting the instant case since they failed to pursue the statutory remedy provided in 53 P.S. §6906.

Section 6906 provides:

"No tax levied for the *first time* by any political subdivision to which this act applies shall go into effect until thirty days from the time of the adoption of the ordinance or resolution levying the tax. Within said thirty days, taxpayers representing twenty-five percent or more of the total valuation of real estate in the political subdivision as assessed for taxation purposes, or taxpayers of the political

---

3. See also, Kurren Appeal, 417 Pa. 623, 208 A. 2d 853 (Failure to comply with the enabling statute renders the attempted legislation invalid.)

subdivision not less than twenty-five in number aggrieved by the ordinance or resolution shall have the right to appeal therefrom to the court of quarter sessions of the county upon giving bond with sufficient security in the amount of five hundred dollars ($500), approved by the court, to prosecute the appeal with effect and for the payment of costs. The petition shall set forth the objections to the tax and the facts in support of such objections, and shall be accompanied by the affidavit of at least five of the petitioners that the averments of the petition are true and the petition is not filed for the purpose of delay.

No such appeal shall act as a supersedeas unless specifically allowed by the court to which the appeal is taken or a judge thereof.

Immediately upon the filing of any such petition, the petitioners shall serve a copy of the petition and any rule granted by the court upon the president, chairman, secretary or clerk of the legislative body levying the tax.

The court shall fix a day for a hearing not less than fifteen days nor more than thirty days after the filing of the petition. Notice of the time of such hearing shall be given to all interested parties as the court shall direct. The court shall promptly hear and dispose of the appeal.

It shall be the duty of the court to declare the ordinance and the tax imposed thereby to be valid unless it concludes that the ordinance is unlawful or finds that the tax imposed is excessive or unreasonable; but the court shall not interfere with the reasonable discretion of the legislative body in selecting the subjects or fixing the rates of the tax. The court may declare invalid all or any portion of the ordinance or of the tax imposed or may reduce the rates of tax." (Emphasis supplied.)

Defendant contends that plaintiffs' failure to appeal the taxing resolution within 30 days bars them from contesting the validity of that tax.

Once again, the court will advance two reasons in support of its determination that section 6906 is no bar to the instant claim.

First, where a taxing statute is the subject of a constitutional challenge, plaintiffs are not limited to existing statutory remedies: Lynch v. Owen J. Roberts School District 430 Pa. 461, 244 A. 2d 1 (1968). Plaintiffs have raised legitimate constitutional issues in their complaint. Thus, this court has jurisdiction and is competent to act. Further, having assumed jurisdiction, this court may also dispose of the non-constitutional challenges. Lynch, supra.

Finally, the purpose of "notice" provisions in enabling statutes is obviously to let the public know what their government is proposing so that they may protest. Thus, even if constitutional issues had not been raised, notice failure would be an exception to the exclusivity of the remedy contained in section 6906. To do otherwise would place the public in an anomalous situation in which the city uses one section (6906) to foreclose review, when the section designed to alert the public (6904) was not followed.

In summary, the suit is properly brought; 53 P.S. §6904 required Official Ordinance no. 7 to be advertised three times; and the city's failure to comply with section 6904 invalidates the taxing ordinance.

## ORDER

And now, September 29, 1981 it is ordered as follows:

1. The city's Official Ordinance no. 7-1980 is invalidated.

2. Income Tax Ordinance no. 8394 stands unrepealed.

3. Counsel for the parties are to meet and negotiate a procedure for the repayment of taxes paid pursuant to the invalid ordinance and the payment of taxes pursuant to Ordinance no. 8394, now unpaid, and present the procedure to this court for inclusion in my order.

