## Reil v. Johns-Manville Corp.

*Robert Paul*, for plaintiff.
*Lise Luborski*, for defendant D.A.R. Industrial Products, Inc.

TAKIFF, *J.*, May 12, 1983—Presently before the court is defendant D.A.R. Industrial Products, Inc.'s motion for summary judgment. No response thereto has been filed. For the reasons explicated hereafter, we grant this motion.

Plaintiffs Francis T. Reil and Louisa Reil commenced the action by complaint filed February 18, 1982, alleging injuries to husband-plaintiff as a result of his exposure to asbestos-containing products supplied, inter alia, by defendants, while he was employed as an electrician from 1953 to 1970 at various worksites.[1] Wife-plaintiff seeks compensa-

---

1. Plaintiff alleges in his complant that from 1956 to 1963 he was self-employed as an electrician; from 1963 to 1970 he was employed by Owens-Corning Fiberglas Corporation; and from 1970 to the present he has been on disability. However, plaintiffs' answers to interrogatories of Johns-Manville Corporation narrate plaintiff's employment history as follows: Plaintiff was in the U.S. Navy from approximately 1955 to 1957; was employed by JJM Corporation from 1957 to 1968

tion for the emotional distress she sustained as a result of her fear of contracting an asbestos-related disease due to her exposure to asbestos fibers carried into the home by husband-plaintiff.[2]

Movant asserts that it has never sold asbestos products to any of plantiff's employers during the relevant time periods, and therefore urges that its products could not, as a matter of law, have caused the injuries for which plaintiff seeks to recover. In support of this assertion, movant avers that plaintiffs' answers to interrogatories establish that the only location of plaintiff's use of and exposure to asbestos-containing products was the Owens-Corning Fiberglass Corporaton ("OCF") plant in Berlin, New Jersey. Exhibit "B," answer to interrogatory no. 27 of Johns-Manville Corporation; Exhibit "C," answer to interrogatory no. 4(i) of D.A.R. Industrial Products, Inc. In addition, movant proffers the affidavit of A.J. LaNoce, Vice-President of D.A.R. Industrial Products, Inc. which states that, based upon his own personal knowledge as well as the records of movant and its pred-

with no known asbestos exposure; was employed by Carr & Duff from 1968 to 1970 with no known asbestos exposure; and was employed by Owens-Corning Fiberglas Corporation from 1970 to 1977 where he was exposed to asbestos. From plaintiffs' answer to interrogatory no. 27 of Johns-Manville Corporation, and plaintiffs' answer to interrogatory no. 4(i) of D.A.R. Industrial Products, Inc., it is clear that the only asbestos exposure for which plaintiff is making claim is that which occurred while employed at the Owens-Corning Fiberglas Corporation plant in Berlin, New Jersey either as alleged in that complaint or as asserted in answers to interrogatories (1963) to 1970 or 1970 to 1977).

2. This cause of action has been held by us to be untenable absent allegation of some physical manifestation of injury. Hughes v. Johns-Manville Corp., No. 7809-88(123) Case No. 33 (Phila. C.C.P. April 23, 1982).

ecessor by name, Delaware Asbestos and Rubber Company, neither movant nor its predecessor by name sold any products to the U.S. Navy from 1955 to 1957; to the JJM Corporation at any time; to Carr & Duff at any time; or to OCF at any time. Exhibit "F." Movant further avers that in his answers to movant's interrogatories, plaintiff denies personal knowledge of the use of or exposure to movant's products, Exhibit "C." answers to interrogatories no. 1 and 3; has not provided the names of any persons with personal knowledge that plaintiff used or was exposed to movant's asbestos products, Exhibit "B," answer to interrogatory no. 4(a); has not identified any other evidence to establish that he used or was exposed to movant's products, Exhibit "B," answer to interrogatory no. 4(c); and in response to a request for identification of documents supporting his contention of exposure to movant's products, states "Please see Exhibit P1 for the deposition of McAllister taken in Dailey v. Johns-Manville June 26, 1981," which document was produced by a plaintiff's attorney in a different case involving exposure at a different location, and does not contain the names of any purchasers of movant's products. Exhibit "B," answer to interrogatory no. 4(b); Exhibit "D." Furthermore, in response to movant's request for production of documents showing sales by movant to OCF and/or purchases by OCF of movant's products, plaintiffs state, "There are no documents presently available. Investigation is continuing. Husband/plaintiff recalls working with asbestos gaskets during the course of employment at Owen-Corning Fiberglass Corporation. Defendant, D.A.R. Industrial Products, Inc. manufactures, produces and/or distributes asbestos gaskets." Based upon all of the foregoing, movant asserts that, as a matter of law,

no genuine issue of material fact remains with respect to whether its products caused plaintiff's injuries, and summary judgment is warranted. We agree.

Under Pa.R.C.P. 1035, summary judgment may be granted when the moving party demonstrates that there is no genuine issue as to any material fact, and the record, viewed in a light most favorable to the non-moving party, reveals that the moving party is entitled to judgment as a matter of law. The burden of proof that there is no genuine issue of material fact is on the movant, and all doubts are to be resolved in favor of the non-movant. Summary judgment should only be granted when the case is clear and free from doubt. Acker v. Palena, 260 Pa. Super. 214, 393 A. 2d 1230 (1978); Dowlin v. Coatesville School District, 22 Pa. Commw. 433, 436, 350 A. 2d 190 (1975).

The movant may discharge his burden of proof by demonstrating that if the case proceeded to trial his opponent could produce no competent evidence to support a contrary position. 10 Wright & Miller, Federal Practice and Procedure: Civil §2727, at 531. A prima facie showing by the movant for summary judgment—i.e., the production of enough evidence to demonstrate such party's entitlement to a judgment if evidence were uncontroverted at trial—shifts the burden to producing evidence to the party opposing the motion. Summary judgment should be granted to the movant unless the opposing party offers competent evidence admissible at trial showing that there is a genuine issue as to a material fact. Id. at 536-37. Community Medical Services v. Local 2665, 292 Pa. Super. 238, 437 A. 2d 23, 27 (1981). An opposing party may not rely solely upon his pleadings to controvert the moving party's factual averments, but must appropriately respond, by affidavit or

otherwise, setting forth specific facts demonstrating that there is a genuine issue for trial.[3] Pa.R.C.P. 1035(d); Phaff v. Gerner, 451 Pa. 146, 303 A. 2d 826 (1973).

Applying these principles, we are compelled to conclude that movant has discharged its burden of proving, by affidavit, answers to interrogatories, and plaintiffs' response to Request for Production of Documents that its products could not have caused plaintiff's injuries and no genuine issue of fact remains for trial. No evidence has been produced to generate a triable factual dispute. As movant points out, we need not rely upon future discovery to reveal competent evidence creating an issue for trial when the moving party has supported its motion as provided in Pa.R.C.P.1035. Gambrell v. Johns-Manville Corp., 8205-4498 (1246) (Phila. C.C.P. January 5, 1983).

Accordingly, we enter the following

## ORDER

And now, May 12, 1983, upon consideration of defendant D.A.R. Industrial Products, Inc.'s mo-

---

3. The objective of the summary judgment procedure is to peirce the pleadings and remedy the situation where there is a sufficiently pleaded but factually improper claim or answer. Ritmanich v. Jonnel Enterprises, Inc., 219 Pa. Super. 198, 304, 380 A. 2d 570, 573 (1971). However, merely because a factually supplemented motion for summary judgment is unopposed by affidavit, deposition or the like, it does not follow that the motion *must* be granted. Pa.R.C.P. 1035(d) provides that if the non-moving party "does not so respond, summary judgment, *if appropriate*, shall be entered against him." (Emphasis added). Hence the burden is at all times on the movant to make out a prima facie case which dispels the existence of any genuine factual issue. Marchese v. Marchese, 457 Pa. 625, 326 A. 2d 321 (1974); Santoro v. City of Philadelphia, 59 Pa. Commw. 114, 429 A. 2d 113 (1981).

tion for summary judgment, no response thereto having been filed, it is hereby ordered and decreed that said motion is granted in favor of movant and against all other parties, except those defendants which have filed petitions for reorganization in Bankruptcy Court, pursuant to the automatic stay imposed by 11 U.S.C. §362(a). Our ruling as to these bankrupt defendants is deferred, without prejudice to the right of movant to praecipe this court for further consideration when timely and appropriate in accordance with said bankruptcy proceedings, and/or pursuant to further order of this court.