## Wickard v. Lebo

*Roger M. Morgenthal,* for plaintiff.
*James D. Flower,* for defendant Borough of Carlisle.

BAYLEY, *J.,* June 20, 1984—Plaintiff has entered suit against various defendants for damages resulting from injuries incurred in an automobile accident in the Borough of Carlisle on September 26, 1980. Plaintiff alleges that he was traveling in a southerly direction on South Hanover Street toward its intersection with Noble Boulevard. Defendant Lebo is alleged to have been traveling in a northerly direction on South Hanover Street and to have made a left turn into Noble Boulevard in front of the oncoming vehicle of plaintiff. A collision occurred in the intersection.

The Borough of Carlisle is alleged to have been negligent in allowing the traffic light at the intersection to remain in disrepair and in failing to provide a suitable means of traffic control at the intersection. Paragraph 37 of the complaint avers:

"37. Plaintiff is informed and believes and therefor avers that at the above-mentioned time and place the above-described traffic lights at said inter-

section failed to function properly in that they simultaneously displayed a green arrow to defendant Lebo's direction of travel (Northbound) indicating that a left turn could be made, and a green light to plaintiff's direction of travel (Southbound), and plaintiff, thus guided by the said green light proceeded to cross the said intersection; or that said traffic lights otherwise failed to display timely and reasonably the proper signals for the safe guidance of motorists using said South Hanover Street." Plaintiff has also sued defendant Crouse Hinds Company, the manufacturer of the traffic signal, and defendant R. W. Lutz Electrical Contractors, Inc., the original installers of the traffic signal.

The Borough of Carlisle has raised the defense of governmental immunity under the Judicial Code. The applicable section, 42 Pa.C.S. §8542, provides as follows:

"§8542 Exceptions to governmental immunity

"(a) *Liability imposed.* A local agency shall be liable for damages on account of an injury to a person or property . . . if . . . the injury occurs as a result of one of the acts set forth in subsection (b). . . .

"(b) *Acts which may impose liability.* The following acts by a local agency . . . may result in the imposition of liability on a local agency:

• • •

"(4) *Trees, traffic controls and street lighting.* — A dangerous condition of . . . traffic signs, lights or other traffic controls . . . under the care, custody or control of the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred *and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to*

*the event to have taken measures to protect against the dangerous condition."* (Emphasis added.)

The borough has moved for a summary judgment pursuant to Pa.R.C.P. 1035 claiming that the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show that there is no genuine issue of fact on whether or not they had actual notice or could reasonably be charged with notice under the circumstances of any dangerous condition involving the subject traffic light at a sufficient time prior to the accident to have taken measures to protect against such a dangerous condition, if it in fact existed.

A summary judgment may be granted if the moving party shows that there is no genuine issue as to any material fact, and the record, viewed most favorably to the nonmoving parties, reveals that the moving party is entitled to judgment as a matter of law. Dowlin v. Coatesville Area School District, 22 Pa. Commw. 433, 350 A.2d 190 (1975).

This record reflects that the lights were erected pursuant to a permit granted by the Pennsylvania Department of Transportation. The display time for the various lights on the traffic signals was set within PennDot's guidelines. In the summer of 1980, the lights were struck by lightning and after the fuses were replaced, the lights went into a flashing mode. The mechanical controller was repaired and in place with the lights functioning in their normal fashion by September 8, 1980.

The Borough of Carlisle denies that they had any notice of any kind that the lights were malfunctioning after September 8, 1980, and before the subject accident on September 26, 1980. Interrogatories were submitted by the borough to the parties in order to determine what information they had to support such an allegation. The only affirmative re-

sponse on the issue of whether the lights had not been functioning properly prior to the accident, and after September 8, 1980, and on whether the Borough of Carlisle had or should have had any type of notice of such a condition, if it existed, was made by defendant R. W. Lutz Electrical Contractors, Inc. Lutz answered as follows:

". . . The overtime report of the Department of Public Works dated September 12, 1980 provided as an attachment with defendant Borough of Carlisle's Answers to Interrogatories of defendant, R. W. Lutz, indicates that on Thursday, September 11, 1980, the Police Department requested a borough employee go to the Noble and Hanover intersection because the traffic light at that time was stuck on red."

Subsequently, a deposition was taken of the borough's assistant street superintendent John Morris, who made the notation referred to in the Lutz answer. Mr. Morris indicated that while there was a complaint, it was based on a misunderstanding of how the lights functioned and that the light was functioning properly, as designed. Additionally, the deposition of the street superintendent of the Borough of Carlisle, Mason Staub, indicates that the borough had no knowledge of the subject light and green arrow ever being simultaneously displayed as green. He further testified:

"Q. What about confusion with regard to the left turn signal operation? Any complaints on that?

"A. I think subsequent to the accident there was a complaint from Dale Shughart, I believe. The police told me that light changed rather rapidly while he was proceeding through the light or whatever. And we checked it out and couldn't find anything wrong with it. You know, it may have been — there may have been a couple of things that — maybe he didn't

understand how the light works or maybe if he spent a little more time. I'm not certain."

Mr. Staub was also asked whether there were any other complaints that he was aware of. He answered as follows:

"A. There may have been a couple of others that I'm not too specific about. But I believe I'm safe in saying that in each instance when we received complaints about the signal not working properly because it did something. and people didn't think it was working properly; when we went out to check it, there wasn't anything wrong with the way the signal itself functioned. And at no time did I ever discover a conflict occurring between opposing signals."

. Plaintiff Wickard and defendant Lutz have opposed the Borough of Carlisle's motion for a summary judgment. They argue that the allegations in plaintiff's complaint, together with the information provided by Mr. Morris and Mr. Staub, is sufficient to raise an issue of fact for a jury's consideration of whether there was a dangerous condition in the lighting system at the intersection which could have contributed to the accident for which the Borough of Carlisle could reasonably be charged with notice.

We conclude that a general complaint which results in an inspection of a traffic signal which is then determined to be operating properly is an insufficient basis to place the Borough of Carlisle on notice of a dangerous condition at the light. Such testimony would not place sufficient facts before a jury from which it could be determined that the borough could be reasonably charged with notice of a dangerous condition. Nor is there any evidence in the record which would support a finding, as Lutz claims, that the borough could reasonably be

charged with notice of a dangerous condition at the intersection because of the design of the lighting system. Paragraph 37 of plaintiff's complaint specifically avers that the accident occurred because the light displayed a green arrow for a left turn to defendant Lebo at the same time it displayed a green light for thru traffic in plaintiff's direction of travel as he approached defendant Lebo. Obviously, if such a situation occurred and if the Borough of Carlisle could be reasonably charged with notice thereof, it would constitute a dangerous condition sufficient to take an issue of the borough's negligence to a jury. However, there is not an iota of evidence in the record to support a finding that the borough could reasonably be charged with notice that such a condition would occur. On the contrary the disposition of the street superintendent, Mason Staub, indicated that every time the borough checked the light it was operating on its prescribed sequence pursuant to the permit which had been issued by PennDot. Plaintiff's allegation is that a causal factor in the accident was that the light did not function pursuant to its scheduled sequence, i.e., it was green for the oncoming plaintiff and for a left hand turn for defendant at the same time. This is not a claim of mere confusion since the light would not have been operating as designed if such a situation occurred.

The objecting parties also claim that the allegations of fact as to how the accident occurred by themselves provide a sufficient basis to prove circumstantially that the borough had notice or should have had notice that the light was previously malfunctioning. No authority is cited for this novel proposition. Plaintiff or other defendants have a burden of showing malfunctioning of the light prior to this accident and after September 8, 1980, before a

jury could even reach the issue of whether or not the borough could reasonably be charged with notice of such a circumstance. The record reflects there are no facts upon which a jury could make such a finding.

The objectors also maintain that the interrogatories and depositions reveal that the record keeping of the borough is not always complete. They infer, therefore, that it is possible that complaints regarding the malfunctioning of the light may have been made to the borough and that such a possibility alone is sufficient to place before a jury the issue of whether or not the borough could be reasonably charged with the notice of the circumstances of a dangerous condition of the light prior to this accident. No authority is cited for this proposition. We fail to see how speculation, without facts, could be sufficient to carry the burden of proof necessary to bring this issue before a jury. A party carrying the burden of proof in a civil case must do so by the preponderance of the evidence. Brown v. Jones, 404 Pa. 513, 172 A.2d 831 (1961). Section 8542(b)(4) of the Judicial Code specifically places the burden of proving the local agency had notice on the "claimant."

Finally, plaintiff wishes to keep the borough in the case on the possibility that he may learn of facts to support his position before trial commences. Such a position, however, is inconsistent with the purpose of allowing a summary judgment pursuant to Pa.R.C.P. 1035, when all of the pleadings and fact-finding processes have been completed and no genuine issues as to any material fact remains.

Accordingly, we find that the record in this case does not support any factual issue by which a jury could conclude that the Borough of Carlisle had actual notice or could reasonably be charged with no-

tice under the circumstances of a dangerous condition involving the lights, which could have been a factor in causing this accident, in sufficient time prior to the accident to have taken measures to protect against such a dangerous condition. The borough, therefore, as a matter of law, is immune from a liability pursuant to the Judicial Code, 42 Pa.C.S. §8541, which provides:

"§8541 Governmental immunity generally

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."

### ORDER OF COURT

And now, this June 20, 1984, the Borough of Carlisle's motion for a summary judgment is granted.