504 A.2d 971

Leslie N. Reizes, Appellant *v.* H. E. Weller, Tax Collector Athens Borough and Athens Area School District, Appellee.

Leslie N. Reizes, Appellant *v.* H. E. Weller, Tax Collector Athens Borough and Athens Area School District, Appellee.

Argued November 15, 1985, before Judges DOYLE and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Joseph Joch*, with him, *Frederick C. Luther, Friedlander, Friedlander, Reizes & Joch, P.C.*, for appellant.

*Daniel J. Barrett*, for appellee.

OPINION BY JUDGE PALLADINO, February 11, 1986:

This is an appeal by Leslie N. Reizes (Appellant) from an order of the Court of Common Pleas of Bradford County (trial court) which granted summary judgment in favor of the tax collector for the Athens Area School District (District). We affirm.

Appellant has been a resident of the District since 1979. Appellant is an attorney and practices law in Waverly, New York. He was not admitted to practice in Pennsylvania until 1981. In 1979 and 1980 he was assessed an occupation tax, based upon his occupation as an attorney, pursuant to Section 2 of The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §6902.[1] Appellant's appeal of the

---

[1] The Local Tax Enabling Act has been incorporated into Section 201(c) of The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. §5453.201(c).

1979 assessment before the Bradford County Board of Assessment Appeals was denied. Appellant did not appeal the denial, nor did he pay the tax.

On September 22, 1981, after previous attempts to collect the delinquent taxes were unsuccessful, the District's tax collector filed two assumpsit actions seeking to collect the 1979 and 1980 occupation taxes which had been assessed against Appellant. Upon cross motions for summary judgment, the trial court granted the tax collector's motion and judgment was entered against Appellant.

The sole question presented by Appellant on appeal to this Court is whether a political subdivision of the Commonwealth of Pennsylvania may, consistent with the United States Constitution, impose an occupation tax on a resident who does not practice his occupation within the political subdivision and is not licensed to practice his occupation by the Commonwealth of Pennsylvania. We hold that the political subdivision may impose such a tax without violating the United States Constitution.

Appellant asserts that due process forbids a state, or a political subdivision of a state, to tax an activity with which the state or subdivision has no minimum contact and for which it gives no protection or return. Appellant then argues that because he neither practiced his occupation within the District nor was he licensed to practice by the Commonwealth, the District cannot impose a tax on the privilege of practicing his occupation.

Appellant's argument misperceives the nature of an occupation tax. This Court's discussion of the differences between an occupation tax and an occupational privilege tax in the case of *Taylor v. Coatesville Area School District,* 2 Pa. Commonwealth Ct. 510, 279 A.2d 90 (1971) is instructive:

What appellant fails to consider is that here we are confronted with an occupation tax and not

an occupation privilege tax or a capitation tax. *An occupation tax may only be levied on residents* and must be a flat rate levy measured by the assessed value of a particular occupation. However, *an occupation privilege tax must be levied on residents and nonresidents alike and may only be levied by the district in which one's occupation is pursued.*

An occupation tax was defined by our Supreme Court as long ago as 1885 when in Banger's Appeal, 109 Pa. 79 (1885), at page 95 it used this language: 'An "occupation" tax is peculiar in its character. It is not a tax upon property, but upon the pursuit which a man follows in order to acquire property and support his family. It is a tax upon income in the sense only that every other tax is a tax upon income; that is to say, it reduces a man's clear income by the precise amount of the tax. But it is an income tax in no sense.'

*Id.* at 515, 279 A.2d at 92. (Emphasis added.)

Thus, an occupation tax is not a privilege tax, nor is it a property tax or an income tax. It is a tax upon the residents of the political subdivision which levies the tax, the amount of which is determined by the resident's occupation. The fact that the taxpayer is, by definition, a resident of the taxing body and receives the services of the taxing body provides a more than sufficient nexus between the political subdivision and the taxpayer to satisfy the mandates of the United States Constitution.

In the case at bar, it is undisputed that Appellant was a resident of the District and received the same benefits as all other residents of the District. The District's occupation tax, as applied to Appellant, is therefore constitutional. Accordingly, the order of the trial court is affirmed.

The tax collector's motion for costs, damages and counsel fees, however, will be denied because there is insufficient evidence that the appeal was frivolous or taken for purposes of delay or that Appellant's conduct was dilatory, obdurate or vexatious. *See* Pa. R.A.P. 2744.

### ORDER

AND Now, February 11, 1986, the orders of the Court of Common Pleas of Bradford County, No. 81-9513 and No. 82-11,683, dated January 17, 1985, are affirmed.