**HANOVER HEALTHCARE PLUS, INC.**

v.

**ZONING HEARING BOARD OF PENN TOWNSHIP, York County, Pennsylvania**

**Appeal of: Penn Township, York County.**

Commonwealth Court of Pennsylvania.

Argued April 4, 2005.

Decided June 13, 2005.

Walter A. Tilley, III, York, for appellant, Penn Township, York County.

Helen L. Gemmill, Harrisburg, for appellee, Hanover Healthcare Plus, Inc.

BEFORE: COLINS, President Judge, and FRIEDMAN, J., and COHN JUBELIRER, J.

OPINION BY President Judge COLINS.

This appeal arises from the decision of the Court of Common Pleas of York County (trial court) dated September 1, 2004 that reversed the decision of the Zoning Hearing Board of Penn Township (ZHB) upholding the validity of the Penn Township zoning ordinance amendment. We affirm.

A history of the controversy follows. On December 15, 2003, the Board of Commissioners of Penn Township adopted Penn Township Ordinance 606 (Ordinance), which, among other things, rezoned the land owned by Hanover Healthcare Plus, Inc. (Appellee) to commercial rather than residential use.

■ Appellee is the owner of approximately 141 acres of land located in the Township. Appellee found a prospective buyer for the land who wanted to develop it for residential use. Following the adoption of the Ordinance, Appellee filed a procedural challenge to the Ordinance's validity based upon the procedures required by the Pennsylvania Municipalities Planning Code (MPC)[1], 53 P.S. § 10101–11202. The ZHB denied the procedural challenge. A timely appeal followed, and the ZHB was reversed by the trial court, which concluded that the Township had not followed Section 609(e) of the Municipalities Planning Code, 53 P.S. § 10609(e). The Court stated that despite the fact that Section 609(e) does not include the word "each," the requirement that a revised Amendment be resubmitted applied to both the Township Planning Commission

(Township Commission) and the York County Planning Commission (County Commission). Penn Township (Appellant) appealed to this Court.[2]

A draft of the proposed new zoning ordinance was submitted to the County Commission on November 1, 2002. On December 4, 2002, the County Commission submitted its report and recommendation to the Township. Several changes were suggested, and thus the County Commission could not recommend adoption of the November 1, 2002 draft. Over the next eleven months the Township considered revisions to the Ordinance while having informal discussions and meetings with Barbara McKinney, Senior Planner for the County Commission. In November of 2003, a new draft ordinance was prepared and submitted to the Township Commission for review. The Township failed to formally submit the revised plan to the County Commission for review and comment. Ms. McKinney opined that resubmission was not necessary because she did not feel there were substantial changes, but recommended that they talk to its solicitor. In her testimony Ms. McKinney stated that it was normal for an ordinance to be submitted to the County Commission and subsequently be amended without resubmission. In December the Township made additional changes to the proposed ordinance without submitting those changes to the County Commission. The Township adopted the proposed ordinance on December 15, 2003.

A challenge to the validity of the Ordinance was filed before the ZHB contend-

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10101–11202.

2. In a land use appeal, where a full and complete record was made before the Board and the trial court took no additional evidence, as in the present case, this Court's

scope of review is limited to determining whether the Board committed an abuse of discretion or an error of law. *Wolter v. Board of Supervisors of Tredyffrin Township,* 828 A.2d 1160 (Pa.Cmwlth.2003), *petition for allowance of appeal denied,* 577 Pa. 683, 843 A.2d 1240 (2004).

ing that the Township violated Section 609(e) of the MPC which states:

> If a county planning agency shall have been created for the county in which the municipality proposing the amendment is located, then at least 30 days prior to the public hearing on the amendment by the local governing body, the municipality shall submit the proposed amendment to the county planning agency for recommendations.

53 P.S. § 10609(e)

■ Appellant argues that since the November, 2002 draft was submitted to the County Commission and there were informal discussions and meetings with the staff of the County Commission, the revised Ordinance does not have to be submitted to the County Commission thirty days before it was adopted. Appellee argues that *Muhlenberg College v. Zoning Hearing Board of the City of Allentown,* 760 A.2d 443 (Pa.Cmwlth.2000), *petition for allowance of appeal denied,* 565 Pa. 679, 775 A.2d 811 (2001), controls. In *Muhlenberg* the City of Allentown proposed an amendment to the Zoning Code, which amendment was defeated. At the next meeting an identical bill was introduced, except that the effective date was in ten days rather than thirty days. The revised bill was forwarded to the planning agency on October 2, 1997. The planning agency recommended the bill at a meeting on October 7, 1997. The City adopted the amendment on October 15, 1997. This Court in *Muhlenberg* ruled that the amendment had been improperly adopted because the City failed to follow the mandate that the governing body shall submit each amendment to the planning agency at least thirty days prior to the hearing. This Court relied on Section 609(c) of the MPC, 53 P.S. § 10609(e), which provides that the municipality shall submit **each** amendment to its planning agency at least

thirty days prior to the hearing on such proposed amendment.

The Township admits that the revised ordinance was not formally submitted to the County Commission; however, it argues that only the original submission was required because the minor revisions made in response to the recommendations of the County Commission do not create a requirement that the revised plan be resubmitted under Section 609(d). Under Section 609(c) this case appears clear cut because each amendment must be submitted. However, Appellee raised a violation only under Section 609(e) before the ZHB.

The Township makes additional arguments such as even if the revised amendment must be resubmitted, that requirement should apply only when the revised amendment makes a significant change on which the County Commission has not had an opportunity to comment. The Township states that the revisions in this case were in response to the recommendations that the County Commission made when the November, 2002 ordinance was submitted and that no other significant revisions were made. The Township states that it complied with the ordinary course of business by submitting the ordinance and working with Ms. McKinney regarding the changes. The Township states that to resubmit would be onerous on the County Commission. However, resubmitting the final draft would not be onerous and would ensure a proper and complete analysis before the entire County Commission. The Township need only follow the exact procedure it followed in working closely with the County Commission in this case and then formally submit the revised plan. The absence of the formal submission is what is lacking in this case.

Although Section 609(e) does not include the word "each", the entirety of Section of 609 of the MPC would require that the

revised plan be resubmitted. When construing one subsection of a statute, courts must read that subsection not by itself, but with reference to, and in light of, the other subsections because there is a presumption that in drafting the statute, the General Assembly intended the entire statute to be effective. 1 Pa.C.S. § 1922. *E.g., Commonwealth v. Mayhue,* 536 Pa. 271, 307, 639 A.2d 421, 439 (1994); *Commonwealth v. Berryman,* 437 Pa.Super. 258, 649 A.2d 961 (1994).

Therefore, we affirm the well-reasoned decision of President Judge John H. Chronister of the Court of Common Pleas of York County.

### ORDER

AND NOW, this 13th day of June 2005, the order of the Court of Common Pleas of York County is AFFIRMED.