# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luanne Bell and Brandy Bell,    :
Executors of the Estate of Eugene W.  :
Bell, Deceased; and Eugene W. Bell, II  :
and Franklin L. Bell,    :
          Appellants    :
                     :
         v.         :   No. 426 C.D. 2024
                     :
The Board of Supervisors of Perry    :
Township, Berks County, PA    :   Argued: April 8, 2025

BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE MATTHEW S. WOLF, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                         FILED: May 7, 2025

Luanne Bell and Brandy Bell; Executors of the Estate of Eugene W. Bell, Deceased; Eugene W. Bell, II; and Franklin L. Bell (Landowners) appeal to this Court from the March 15, 2024 Order of the Court of Common Pleas of Berks County (Trial Court) denying the Landowners' Procedural Validity Challenge to Perry Township, Berks County's (Township) Ordinance 05-23. Through Ordinance 05-23, the Township's Board of Supervisors amended Sections 207.1 and 208.1 of the Township's Zoning Ordinance of 1998, which govern land uses within its Industrial and Light Industrial districts, respectively. Because the Township failed

to comply strictly with its procedural requirements under Section 609 of the Pennsylvania Municipalities Planning Code (MPC),[1] we reverse the Trial Court.

## I. Background

Prior to its purported amendment by Ordinance 05-23, Section 207.1(a) of the Zoning Ordinance provided that the following uses were permitted in the Industrial District as of right:

> Heavy commercial uses, which shall be carried on in a completely enclosed building, except for off-street parking and loading facilities, include wholesale business, storage and warehousing establishments, truck and freight terminals, delivery and distribution centers, mechanical and vehicle equipment repair establishments and dry cleaning and dyeing plants[.]

Reproduced Record (R.R.) at 26a. Meanwhile, prior to its purported amendment, Section 208.1 of the Zoning Ordinance restricted uses within the Light Industrial District as follows:

> Permitted uses. Land and buildings in an L-I District may be used for the following purposes:
>
> a. Professional, administrative and business office buildings.
>
> b. Wholesaling, warehousing and distribution activities and facilities.
>
> c. Storage, sale and distribution of building materials and all other non-hazardous materials.
>
> d. Printing and publishing activities.
>
> e. Research, engineering, testing and related activities.

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10609.

> f. Municipal use.
>
> g. Recreational facilities.
>
> h. Truck terminals.
>
> i. Mini-warehouses and storage facilities.

*Id.* at 29a. According to the Landowners, the Light Industrial District consists entirely of two adjacent parcels of land at 1047 Shoemaker Avenue (collectively, Properties) owned by them: the first, held by the Estate of Eugene W. Bell, measures 16.51 acres, while the second, held by Eugene W. Bell II and Franklin L. Bell, measures 37.68 acres. *See* R.R. at 224a, 236a.

At a March 14, 2023 Township meeting, the chairman of the Township's Zoning Hearing Board spoke and recommended that warehousing be removed as a permitted use within the Township. *Id.* at 295a. The Township agreed and requested that its Solicitor, Allen Shollenberger, prepare a text amendment to the Zoning Ordinance "that would limit the use of warehousing in the" Light Industrial and Industrial Districts. *Id.* at 295a. Accordingly, on April 5, 2023, Solicitor Shollenberger submitted a draft of an amendment to the Zoning Ordinance (First Version). *Id*. at 269a. In prefatory language, the First Version noted the Board of Supervisors' conclusion that "additional warehouse establishments and similar uses are not in the best interests of the Township and its residents" and that it was therefore "in the best interests of the public, health, safety, and general welfare to remove and/or delete said uses and amend the Zoning Ordinance[.]" *Id.* In relevant part, the First Version thereby provided that Section 207.1(a) would be deleted in its entirety, while Section 208.1 would be amended to remove the uses permitted under subsections (b), (h), and (i); that is, wholesale businesses, warehousing, and distribution activities, truck terminals, and mini-warehouses and storage facilities.

3

*Id.* at 267a-68a. The First Version also contained a statement that its provisions shall be severable in the event that one is held invalid.[2] *Id.*

At a subsequent meeting on April 4, 2023, the Township approved a Notice of Public Hearing and a Notice of Intent and directed Solicitor Shollenberger to have each published in the *Reading Eagle* newspaper. *Id.* at 315a-16a. The following day, Solicitor Shollenberger sent the text of the First Version to the Berks County Planning Commission for review. *Id.* at 269a. Solicitor Shollenberger also sent a copy to the Township Planning Commission, which discussed the First Version at a regularly scheduled public meeting on the evening of April 5, 2023. *Id.* at 283a. At the meeting, the Township Planning Commission decided to recommend enactment of the proposed amendment with one proposed revision: namely, that the Township remove "wholesale business, storage and warehousing establishments, truck and freight terminals[, and] delivery and distribution centers" from Section 207.1(a)'s permitted uses only, rather than delete the subsection entirely. *Id.* at 283a. Accordingly, Solicitor Shollenberger revised the First Version to the form that was ultimately enacted (Second Version):

> [The Zoning Ordinance of 1998] is hereby amended by deleting the following Sections in their entirety:
>
> Section 208.1 letter (b), letter (h), and letter (i) are hereby

---

[2] The relevant portion of the First Version is as follows:

> In the event that any provision, section, sentence, clause. or part of this Ordinance is held to be invalid, such invalidity shall not affect or impair any remaining provisions, section, sentence, clause or part of the Ordinance, it being the intent of the Board of Supervisors that such remainder shall be and shall remain in full force and effect and for this purpose the provisions of this Ordinance are hereby declared to be severable.

R.R. at 161a.

deleted as uses permitted by right in the [] Light Industrial District, more specifically:

> (b) Wholesale businesses, warehousing, and distribution activities and facilities.
>
> (h) Truck terminals.
>
> (i) Mini-warehouses and storage facilities.

Section 207.1 letter (a), regarding uses permitted by right in the I-1 Industrial District, is hereby amended to read as follows:

> (a) Heavy commercial uses, which shall be carried on in a completely enclosed building, except for off-street parking and loading facilities, mechanical and vehicle equipment repair establishments, and dry cleaning and dyeing plants.

*Id.* at 251a-52a. All other Second Version provisions, including the severability declaration, remained the same as they appeared in the First Version.

On April 9 and April 18, 2023, the *Reading Eagle* published the Notice of Public Hearing, which informed readers of a hearing to take place on May 9, 2023, on the potential adoption of an ordinance "to eliminate various uses in the Light[ ]Industrial and the Industrial District." *Id.* at 258a. The proposed amendment, the advertisements explained, would amend Section 208.1 of the Zoning Ordinance to remove wholesale businesses, warehousing, distribution, and activities and facilities, truck terminals, mini-warehouses, and storage facilities from the uses permitted within the Light Industrial District. *Id.* The proposed amendment would further remove the provisions from Section 207.1 of the Zoning Ordinance permitting wholesale businesses, storage and warehousing establishments, truck and freight terminals, and delivery and distribution centers. *Id.* The advertisement explained that complete copies of the proposed ordinance were available for inspection by contacting the Township's solicitor or its Secretary and provided

5

contact information for both. *Id.* Subsequently, on April 21, 2023, the *Reading Eagle* published the Notice of Intent informing the public of the Board of Supervisors' plan to enact the proposed ordinance. *Id.* at 259a-60a.

At the May 9, 2023 hearing, the Township's solicitor summarized the proposed amendment as follows:

> The amendment would remove and delete Section 208.1(b), (h), and (i) in the Light[ ]Industrial District regarding wholesale businesses, warehousing, distribution activities and facilities, truck terminals, mini-warehouses, and storage facilities. The amendment would amend Section 207.1(a) to read that as uses permitted by right, heavy commercial uses which shall be carried on in a completely enclosed building except for off-street parking and loading facilities, mechanical and vehicle equipment repair establishments and dry cleaning and dyeing plants. The effect would be that you could not have warehouses after this date in the Light-Industrial District or in the Industrial District.

*Id.* at 166a. The chair of the Township Planning Commission also confirmed during testimony that it reviewed the proposed amendment and decided to recommend its enactment in revised form. *Id.* at 168a-69a. Counsel representing Landowners then made a statement in opposition, arguing that the Properties are particularly well suited for the uses that the proposed amendment would proscribe, and that the proposed amendment "has the effect of down-zoning [the Properties] and causing a significant devaluation tantamount to a confiscation." *Id.* at 173a. Additionally, counsel representing a manufacturing firm that owned real property in the Township argued that it would "make[] no planning sense to remove warehousing from" the Industrial District, which he characterized as the Township's "most intensive zoning district." *Id.* at 178a-79a. At the conclusion of the hearing, the Board voted unanimously to enact the text of the Second Version as Ordinance 05-23. *Id*. at 186a.

On June 8, 2023, the Landowners filed a five-count Procedural Validity Challenge in the Trial Court. *Id.* at 194a. At Count I, the Landowners argued that the Township violated both Section 609(c)[3] and Section 609(e)[4] of the MPC by failing to submit the Second Version to the Township Planning Commission and County Planning Commission before enactment. *Id.* at 202a. At Count II, the Landowners alleged that the Township violated Section 610(a)(2) of the MPC[5] by

---

[3] Section 609(c) of the MPC provides: "In the case of an amendment other than that prepared by the planning agency, the governing body shall submit each such amendment to the planning agency at least 30 days prior to the hearing on such proposed amendment to provide the planning agency an opportunity to submit recommendations." 53 P.S. § 10609(c).

[4] Section 609(e) of the MPC provides:

> If a county planning agency shall have been created for the county in which the municipality proposing the amendment is located, then at least 30 days prior to the public hearing on the amendment by the local governing body, the municipality shall submit the proposed amendment to the county planning agency for recommendations.

53 P.S. § 10609(c).

[5] In relevant part, Section 610(a)(2) of the MPC provides:

> (a) Proposed zoning ordinances and amendments shall not be enacted unless notice of proposed enactment is given in the manner set forth in this section, and shall include the time and place of the meeting at which passage will be considered, a reference to a place within the municipality where copies of the proposed ordinance or amendment may be examined without charge or obtained for a charge not greater than the cost thereof. The governing body shall publish the proposed ordinance or amendment once in one newspaper of general circulation in the municipality not more than 60 days nor less than 7 days prior to passage. Publication of the proposed ordinance or amendment shall include either the full text thereof or the title and a brief summary, prepared by the municipal solicitor and setting forth all the provisions in reasonable detail. If the full text is not included:
>
> . . . .

**(Footnote continued on next page…)**

7

failing either to include the Second Version's full text in the *Reading Eagle* advertisements or to provide a copy of its full text in the Berks County Law Library. *Id.* at 203a-04a. At Count III, the Landowners argued that the Board of Supervisors violated Sections 609(b)(1)[6] and 610(a)[7] of the MPC when the *Reading Eagle* advertisements referred only to the changes proposed in the First Version, not those proposed in the Second Version. *Id.* at 204a-05a. At Count IV, the Landowners argued that the Township failed to provide in the *Reading Eagle* advertisements a "reference to a place within the municipality where copies of the proposed ordinance may be examined," in violation of Section 610(a) of the MPC. *Id.* at 206a. Finally, at Count V, the Landowners argued that the Township violated Section 704 of the Sunshine Act's requirement that "[o]fficial action and deliberations by a quorum of the members of an agency shall take place at a meeting open to the public unless closed under section 707 (relating to exceptions to open meetings), 708 (relating to executive sessions) or 712 (relating to General Assembly meetings covered)." 65 Pa.C.S. § 704.

---

(2) An attested copy of the proposed ordinance shall be filed in the county law library or other county office designated by the county commissioners, who may impose a fee no greater than that necessary to cover the actual costs of storing said ordinances.

53 P.S. § 10610(a)(2).

[6] In relevant part, Section 609(b)(1) of the MPC provides that, "[b]efore voting on the enactment of an amendment, the governing body shall hold a public hearing thereon, pursuant to public notice, and pursuant to mailed notice and electronic notice to an owner of a tract or parcel of land located within a municipality[.]" 53 P.S. § 10609(b)(1).

[7] In relevant part, Section 610(a) of the MPC provides: "Publication of the proposed ordinance or amendment shall include either the full text thereof or the title and a brief summary, prepared by the municipal solicitor and setting forth all the provisions in reasonable detail." 53 P.S. § 10610(a).

8

Oral argument on the Procedural Validity Challenge was held before the Trial Court on September 25, 2023. *See id.* at 335a. Counsel representing the Landowners reiterated their position that the Township was "not in strict compliance with the MPC's notice and advertising requirements." *Id.* at 337a. Among its procedural defects, the Landowners' counsel explained, are the discrepancies between the text submitted to the County and Township Planning Commissions and the ordinance ultimately enacted. *Id*. at 340a. Appearing for the Township, Solicitor Shollenberger conceded that the County Planning Commission never received the revisions made to the First Version. *Id.* at 345a. However, Solicitor Shollenberger asserted that the changes made to the Light Industrial District under Ordinance 05-23 (i.e., the subject of the Landowners' appeal) were identical to those initially proposed in the First Version and that the Second Version therefore "never had to be reviewed by the [C]ounty [P]lanning [C]omission a second time or by other planning commissions." *Id.* at 351a. Solicitor Shollenberger also pointed out that Ordinance 05-23 contains a severability clause, which, he argued, allows the changes made to Section 208.1 of the Zoning Ordinance to stand even if the changes made to Section 207.1 are found invalid. *Id.* at 352a. Since each change to the Zoning Ordinance "stands on its own" and can function without the other, Solicitor Shollenberger explained, Ordinance 05-23 should be held severable. *Id*. at 361a.

In its March 15, 2024 Order, the Trial Court denied Landowners' Procedural Validity Challenge. *Id.* at 368a. In a Rule 1925(b) Statement[8] submitted after their timely appeal to this Court, Landowners assert the following errors:

---

[8] Pennsylvania Rule of Appellate Procedure 1925(b) provides that if a judge entering the order "giving rise to the notice of appeal . . . desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal[.]" Pa.R.A.P. 1925(b).

1. The Procedural Validity Challenge of the [the Landowners] should have been upheld when Perry Township failed to strictly follow the procedural to enact Ordinance No. 05-23 under Section 609 of the Municipalities Planning Code, and Appellants thereafter appealed such enactment of Ordinance 05-23 within thirty calendar days.

2. The Procedural Validity Challenge of [the Landowners] should have been upheld when Perry Township failed to strictly follow the procedur[e] to enact Ordinance No. 05-23 under Section 610(a) of the Municipalities Planning Code, and Appellants thereafter appealed such enactment of Ordinance 05-23 within thirty calendar days.

3. The Procedural Validity Challenge of the [the Landowners] should have been upheld because the severability clause cannot save a portion of Ordinance No. 05-23 where the entirety was not enacted in strict conformity with Sections 609 and 610(a) of the MPC, and all of its provisions are otherwise interwoven and inseparable.

Original Record, Item No. 20, 1925(b) Statement at 1-5.

In an opinion provided to this Court pursuant to Rule 1925(a),[9] the Trial Court opines that the Landowners' Procedural Validity Challenge "purports to elevate form to an unreasonable degree as a means of undermining an otherwise lawful legislative act for the benefit of two owners of real property with a unified interest." Landowners' Br., App. B, Memorandum Opinion at 18 (unpaginated). Regarding the first matter raised by the Landowners, the Trial Court acknowledges that neither the County nor the Township Planning Commission formally reviewed the Second Version but observes that the proposed changes to Section 208.1 (i.e., the true subject of the Landowners' appeal) remained constant in both versions, which renders any failure to review the Second Version irrelevant. However, the Trial Court acknowledged, its conclusion "may arguably run afoul of [this] Court's

_____

[9] Pa.R.A.P. 1925(a) provides that, upon the receipt of a notice of appeal, "the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall . . . file of record at least a brief opinion of the reasons for the order."

10

decision in [*Hanover Healthcare Plus, Incorporated v. Zoning Hearing Board of Penn Township*, 875 A.2d 1255 (Pa. Cmwlth. 2005)], in which it was held that even a minor alteration to a proposed amendment still should be resubmitted" to the relevant county planning commission "30 days prior to public comment." Memorandum Opinion at 11 (unpaginated).

As for the contention that the *Reading Eagle* advertisements improperly omitted a reference to a place where copies of the proposed ordinance may be examined, the Trial Court notes that the advertisements "did list the exact address of the Township's offices and a way to contact individuals who could provide copies of the proposed ordinance." *Id.* at 14 (unpaginated). Thus, the Trial Court reasons, the Landowners' proposed interpretation of Section 610(a) is "hyper strict." *Id.* Finally, the Trial Court disagreed with the Landowners' contention that Ordinance 05-23's provisions amending Section 207.1 and Section 208.1 are "interwoven and inseparable," but noted that it had no occasion to sever the provisions as it "did not find a procedural failure that would necessitate invalidating the ordinance." *Id.* at 15, 17-18 (unpaginated).

## II. Issues

The Landowners maintain on appeal that there are "numerous, admitted, areas of noncompliance with Article VI of [the] MPC" in the Township's enactment of Ordinance 05-23, rendering it void *ab initio*. Landowners' Br. at 23. Chief among the defects alleged by the Landowners is that the First Version was presented to the Township Planning Commission and the County Planning Commission but that the Second Version was sent to neither before its enactment. Additionally, the Landowners observe that the Second Version was not set forth verbatim in the

11

*Reading Eagle* advertisements, triggering Section 610(a)(2) of the MPC's requirement that the full text "be filed in the county law library or other county office designated by the county commissioners." 53 P.S. § 10610(a)(2). Yet, the Landowners argue, the Second Version was never submitted to the Berks County Law Library before its enactment. The Landowners also maintain that the Township ran afoul of Section 610(a)'s requirement that the advertisement include reference to a place within the Township where copies of the Second Version could be examined or obtained. Lastly, the Landowners argue that Ordinance 05-23's procedural defects "apply to it as a whole and thereby render the severability clause invalid like all other provisions therein." Landowners' Br. at 36.

In its defense, the Township asserts "[a]s a preliminary matter" that the Landowners' counsel did not challenge Ordinance 05-23's procedural validity at the May 9, 2023 public meeting where it was enacted and that the issues raised by the Landowners in this matter are therefore "not preserved for appeal." Township's Br. at 8. The Township further asserts that Ordinance 05-23 effectively contains two amendments to the Zoning Ordinance; thus, whatever procedural issues the Landowners may raise with regard to Section 207.1's changes to the Industrial District are irrelevant to Section 208.1, which not even the Landowners allege to be procedurally infirm. *Id.* at 10-11. Finally, the Township maintains in the alternative that Ordinance 05-23's provisions are severable, and that the changes it purportedly made to Section 208.1 should be allowed to stand on their own even if those purportedly made to Section 207.1 are invalidated. *Id.* at 16.

12

### III. Discussion

### A. The Township's Procedural Requirements

Section 5571.1(a) of the Judicial Code governs "any appeal relating to an alleged defect in the process of or procedure for enactment of any ordinance, resolution, map or similar action of a political subdivision." 42 Pa.C.S. § 5571.1(a). Subsection (d)(3) provides that an ordinance subject to a challenge under Section 5571.1 "shall not be found void from inception unless the party alleging the defect in statutory procedure meets the burden of proving the elements set forth in subsection (e)." 42 Pa.C.S. § 5571.1(d). In turn, subsection (e)(1) provides that a party alleging a defect within 30 days of enactment "must meet the burden of proving that there was a failure to strictly comply with statutory procedure." 42 Pa.C.S. § 5571.1(e).[10]

---

[10] Specifically, subsection (e)(2) explains:

> In the case of an appeal which is exempt from the 30-day time limitation in accordance with subsection (c), the party alleging the defect must meet the burden of proving each of the following:
>
> (i) That there was a failure to strictly comply with statutory procedure.
>
> (ii) That there was a failure to substantially comply with statutory procedure which resulted in insufficient notification to the public of impending changes in or the existence of the ordinance, so that the public would be prevented from commenting on those changes and intervening, if necessary, or from having knowledge of the existence of the ordinance.
>
> (iii) That there exist facts sufficient to rebut any presumption that may exist pursuant to subsection (d)(2) that would, unless rebutted, result in a determination that the ordinance is not void from inception.

42 Pa.C.S. § 5571.1(e)(2).

13

At the heart of the instant matter is a purported zoning change affecting two zoning districts within the Township. Following the March 14, 2023 meeting at which the Township resolved to "limit the use of warehousing in the" Industrial and Light Industrial Districts, R.R. at 295a, Solicitor Shollenberger drafted the First Version, which would have entirely removed the uses listed in Section 207.1 from those permitted in the Industrial District while removing several categories from the uses permitted in the Light Industrial District. Solicitor Shollenberger then sent copies of the First Version to the County Planning Commission and the Township Planning Commission. At the latter's recommendation, Solicitor Shollenberger drafted the Second Version, which would continue to permit certain, non-warehousing-related uses listed in Section 207.1 (i.e., mechanical and vehicle equipment repair establishments and dry cleaning and dyeing plants) in the Industrial District, while maintaining the same changes under Section 208.1 to the Light Industrial District as outlined in the First Version. It was the Second Version that the Township ultimately enacted as Ordinance 05-23.

Under Section 5571.1 of the Judicial Code, 42 Pa.C.S. § 5571.1,[11] the Landowners argue that the Township failed to comply strictly with the procedures set forth in Section 609 of the MPC, 53 P.S. § 10609. In relevant part, Section 609(c) requires the governing body to submit "each [] amendment to the planning agency at least 30 days prior to the hearing on such proposed amendment to provide the planning agency an opportunity to submit recommendations," 53 P.S. § 10609(c), while Section 609(e), 53 P.S. § 10609(e), requires the proposed amendment's

---

[11] At the outset, we reject the Township's contention that the Landowners' procedural challenges to Ordinance 05-23 are waived because of their counsel's failure to raise them at the May 9, 2023 public meeting. To impose such a requirement on the challenging party would render meaningless Section 5571.1's provisions allowing challenges within 30 days of an ordinance's effective date.

14

submission to a *county* planning agency within the same period. The change to the Industrial District was "obviously material," the Landowners argue, "as it creates a different balance of land uses, property rights, [and] impacts on adjacent properties, and alters the status of existing uses in that district." Landowners' Br. at 35. The Landowners additionally observe that they were "deprived of their rights to hear the opinions" of the County and Township Planning Commissions "concerning the proposed changes." *Id.* at 36.

In support of their arguments, the Landowners point to this Court's holding in *Hanover Healthcare* that a municipality shall submit *each* amendment to its planning agency at least 30 days before its public hearing. 875 A.2d at 1257. In that case, officials submitted a proposed new zoning ordinance to the York County Planning Commission pursuant to Section 609(e) on November 1, 2002. *Id.* at 1256. Over the following several months, the township officials considered revisions to the proposed ordinance in consultation with a York County Planning Commission planning official. *Id.* In November of the following year, the township officials submitted a revised proposed ordinance to the township's planning commission, but not to the York County Planning Commission. *Id.* The township adopted the revised version of the proposed ordinance on December 15, 2003. *Id.* After the township's zoning hearing board denied a procedural challenge, the landowners impacted by the ordinance appealed to a court of the common pleas, which reversed. *Id.*

Before this Court, the township government argued in *Hanover Healthcare* that its "minor" revisions to the proposed ordinance were the product of its consultation with the York County Planning Commission planning official, and that resubmission of the revised proposed ordinance would be therefore unnecessary and "onerous." *Id.* at 1257. Affirming the common pleas court, we held that the

15

township failed to follow Section 609's procedural requirements. We explained that Section 609(c) expressly requires the resubmission of "each amendment" to the local planning agency and that, while Section 609(e) may not similarly contain the word "each," the most reasonable interpretation of "the entirety of Section [] 609 of the MPC" is that it also requires the resubmission of the revised draft to the county planning agency. *Id.* at 1257-58.

We agree with the Landowners that *Hanover Healthcare* controls in this matter. The Township properly submitted the First Version to the County and Township Planning Commissions and, following the latter's recommendations, made material revisions resulting in the Second Version. Yet, the Township failed to submit the Second Version to either Planning Commission before enactment. The Township thus fell short not only of its requirements under Section 609(e) and *Hanover Healthcare* but Section 609(c) as well, which, as noted, expressly requires the submission of "each amendment" to the local planning agency at least 30 days before the public hearing on its proposed adoption. 53 P.S. § 10609(c). Accordingly, the Landowners are correct that Ordinance 05-23 is rendered invalid by the Township's lack of strict compliance with the procedural requirements set forth at both Section 609(c) and Section 609(e) of the MPC.[12]

In its 1925(a) opinion, the Trial Court aptly observes that its denial of the Procedural Validity Challenge "may arguably run afoul" of *Hanover Healthcare*. Memorandum Opinion at 11 (unpaginated). The Trial Court then attempts to distinguish *Hanover Healthcare* from the instant matter by pointing out that the differences between the First and Second Versions pertained entirely to Section 207.1, and that the changes to Section 208.1 reviewed by the Township and County

---

[12] For this reason, we need not address the Landowners' allegations of noncompliance with other MPC provisions.

16

Planning Commissions were the same as those purportedly enacted by Ordinance 05-23. This observation is lacking in relevance, however. Ordinance 05-23 is a single enactment, the express purpose of which is to limit warehousing and related activities as permitted uses within the Township. That it purports to revise two sections of the Zoning Ordinance in furtherance of this goal does not permit the Township or the Trial Court to treat it as though it were two, separate enactments with their own sets of procedural requirements. As we explained in *Hanover Healthcare*, even "minor" revisions necessitate a proposed ordinance's resubmission to the relevant planning agencies before its enactment. 875 A.2d at 1257. Thus, even if we were to assume that property owners in the Light Industrial District are unimpacted by the changes made to the uses permitted in the Industrial District, the Township was still required to follow Section 609's submission requirements after it made material revisions to the First Version.

## B. Severability

Next, we address the Township's assertion that Ordinance 05-23's provisions are severable in the event that one or more of those provisions are held invalid. It is well settled that "a statute or ordinance may be partially valid and partially invalid, and that if the provisions are distinct and not so interwoven as to be inseparable, that the courts should sustain the valid, portions." *Saulsbury v. Bethlehem Steel Co.*, 196 A.2d 664, 666 (Pa. 1964). In determining the severability of a statute or ordinance, a reviewing court faces a "twofold" inquiry: it must determine that the legislating body must have intended the act or ordinance to be separable and that the valid portion of the enactment must be "independent and complete within itself" and thus "capable of separation in fact." *Id.* at 667.

17

As the Township notes, there is "no question that Ordinance [] 05-23 contemplates severability as a possible remedy if any amendment within [it] is challenged." Township's Br. at 16. The first part of the *Saulsbury* twofold inquiry is therefore easily resolved. The Township then goes on to argue that Ordinance 05-23's provisions are independent and complete within themselves, because "[r]emoving a particular use from one district does not require that a use be removed from another district." *Id.* "While the motivation behind each amendment may have been similar," the Township reasons, "the impact of each amendment remains independent of [the] other." *Id.*

We disagree with the Township. The argument that Ordinance 05-23's purported changes to the Industrial and Light Industrial Districts occur in isolation, and may therefore be severed from one another, misses the mark. Read together, subsections (d)(3) and (e)(1) of Section 5571.1 of the Judicial Code provide that when a governing body has failed to comply strictly with statutory procedure, the offending *ordinance* shall be found "void from inception." 42 Pa.C.S. § 5571.1(d)(3)-(e)(1); *see also Messina v. East Penn Twp.*, 62 A.3d 363, 372 (Pa. 2012) (holding that, "where a challenge is made within 30 days, nothing less than strict compliance with the procedural requirements of the MPC will allow the ordinance to stand"). Under the so-called void *ab initio* doctrine, an invalid ordinance is held void in its entirety and is treated as if it never existed. *See Messina*, 62 A.3d at 369 n.2 (applying *ab initio* doctrine in the context of a procedural challenge under Section 5571.1). Logically, an ordinance that is wholly void cannot be severed because there is nothing left to preserve. Thus, while Ordinance 05-23's procedural defects only related to the changes made to the Industrial District and Section 207.1 of the Zoning Ordinance, that distinction is of no moment in light of

18

Section 5571.1's instruction that an entire *ordinance* (rather than separate provisions within the ordinance) is to be held invalid from inception.

## IV. Conclusion

Because the Landowners brought their challenge to Ordinance 05-23 within 30 days of its effective date, they carried the burden of proving a lack of strict compliance by the Township with Section 609(c) and (e) of the MPC, 53 P.S. § 10609(c), (e). Pursuant to our holding in *Hanover Healthcare*, we conclude that the Township failed to comply strictly with those provisions when it enacted an ordinance, the text of which deviated materially from the draft that had been submitted to the County and Township Planning Commissions for review. Since Section 5571.1(d)(3) only allows invalidation of an entire ordinance in the event that a challenging party meets its burden of proof, we hold Ordinance 05-23 is void *ab initio* in its entirety.

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luanne Bell and Brandy Bell,      :
Executors of the Estate of Eugene W.  :
Bell, Deceased; and Eugene W. Bell, II :
and Franklin L. Bell,               :
                      Appellants   :
                                 :
           v.               :   No. 426 C.D. 2024
                                 :
The Board of Supervisors of Perry    :
Township, Berks County, PA        :

# **O R D E R**

AND NOW, this 7th day of May 2025, the Order of the Court of Common Pleas of Berks County in the above-captioned matter, dated March 15, 2024, is hereby REVERSED. Ordinance No. 05-23 of Perry Township is hereby declared INVALID in its entirety.

                                 _____

                                 MATTHEW S. WOLF, Judge